(160 App. Div. 200)

WESTINGHOUSE, CHURCH, KERR & CO. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, First Department. January 9, 1914.)

CONTRACTS (§ 229*)—CONSTRUCTION CONTRACTS—PERSONAL INJURY CLAIMS—REIMBURSEMENTS.

A contract to electrify lines of defendant's railroad, which stipulated for a compensation to plaintiff of 10 per cent. of the actual cost, defined to include disbursements for machinery, materials, and labor, and miscellaneous charges such as fire and casualty insurance, "costs of accidents," etc., but excluding overhead charges, imposed a liability on defendant on account of a judgment recovered against plaintiff by an employé sustaining an injury through plaintiff's negligence, and plaintiff could recover from defendant the amount of the judgment less the sum paid by an accident insurance company; especially where, prior to the accident, defendant approved a payment by plaintiff in settlement of a prior accident.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1045–1057, 1059–1066, 1070, 1077; Dec. Dig. § 229.*]

Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Westinghouse, Church, Kerr & Co. against the Long Island Railroad Company. From a judgment for plaintiff (80 Misc. Rep. 127, 141 N. Y. Supp. 644), defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

William C. Beecher, of New York City, for appellant.

Martin Conboy, of New York City, for respondent.

HOTCHKISS, J. Plaintiff and defendant entered into a contract by which plaintiff agreed to act as designing and "contracting engineers" for defendant and as such to prepare the plans, specifications, and other preliminary work, and also to furnish, install, and complete all material, apparatus, etc., incident to the construction and completion of the electrification of certain lines of defendant's railroad, for which plaintiff was to be paid (1) for designing, 5 per cent. of the cost of the completed work, and (2) for all other services, labor, material, etc., "the actual cost incurred * * * with ten per cent. added." The term "actual cost," as defined by the contract, included "all disbursements for machinery, apparatus, materials, supplies, la-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bor and service required and to carry out the" contract, also "miscellaneous charges such as fire and casualty insurance, freights, * * * costs of accidents, breakages * * * and all other sums of money which we (plaintiff) shall necessarily or reasonably pay ·in the conduct of the work," excluding what are usually termed "overhead" charges; "it being the intent * * * that· * * * only such expenses as are actually incurred by reason hereof shall constitute and be included in actual cost."

In the course of the work covered by the contract, one of plaintiff's employés was seriously injured through plaintiff's negligence, for which he recovered a verdict of $25,000, of which $5,000 was paid by a casualty insurance company in which plaintiff held a policy, and the remainder, plus costs and expenses, was paid by plaintiff, who brought this action to recover the sum so paid. The meaning of the contract seems to me very clear, giving rise to no necessity for resorting to the rules of construction invoked by defendant. It was (so far·as the construction part is concerned) what is known among contractors as a "percentage" contract, by which the contractor supplies labor and material at cost and receives as his compensation a fixed percentage thereon, in lieu of other profit. The plainly expressed intent and meaning of the parties was that, excluding its "overhead" expenses, plaintiff was to be reimbursed for all cost and expense incurred in the performance of the work. On the face of the contract it is apparent that it involved a work of considerable magnitude, and required the employment of many artisans and laborers, and that in the distribution of the forces employed plaintiff would necessarily be compelled to rely on the skill and prudence of many for whose negligence plaintiff would be responsible.

In a work of this description accidents are certain to occur, so certain in fact that the law of averages permits them to be made the subject of insurance and to be covered by policies issued by corporations organized by virtue of general laws and doing business under state inspection. The cost of such accidents, direct and indirect, including the expense of compensating the injured and of investigating and defending claims, is an incident of the work and a necessary part of its total cost. The fact that among the specific items of expense for which plaintiff was to be reimbursed was "casualty insurance" in no way weakens plaintiff's claim, because, if for no other reason, the "cost of accidents" was also included. It also appeared that in the case of an accident prior to that giving rise to the claim in suit, by defendant's express approval, plaintiff paid $200 in settlement; also, that shortly after the latter accident plaintiff called the matter to defendant's attention, referring specially to its seriousness, and asking whether defendant would approve of the payment of the victim's wages while he was incapacitated, to which defendant in reply through its chief engineer expressed its assent and further said:

"I think no steps should be taken to do this except on advice of the claim agent or legal department. I do not know what responsibility we are under in connection with accidents to these men, as I am not informed what the ac-

cident policy covers, but no steps should be taken to interfere with the proper settlement of claims."

That the defendant, presumably through some officer other than the writer of the above letter, was fully informed of the fact that such accident insurance was limited to $5,000 on account of an accident to any one person and to $10,000 on account of all loss or injuries resulting to several persons from any one accident, was expressly conceded on the trial. The course adopted by the parties with respect to the $200 claim and as well in the case of the claim in question, together with the express words of the letter above quoted, are evidence of a clear recognition on defendant's part of its responsibility to assume the cost of all claims for personal injuries resulting from accidents. I see nothing in the argument that, construed as a contract to relieve plaintiff from the results of its own negligence, the agreement was void as against public policy. The situation is one which affords no ground for applying the principle thus invoked.

The judgment should be affirmed, with costs.

McLAUGHLIN, LAUGHLIN and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). The sole question involved in this case depends upon what was included in the "actual cost" that was incurred by the plaintiff in carrying out the contract with the defendant. The contract is in the form of a letter written by the plaintiff to the defendant and accepted by the defendant. According to the settled rule in the construction of a contract of this kind, it is to be construed against the person preparing or proposing it, rather than against the person who is invited to accept it, and any ambiguity in the instrument is to be determined in favor of the acceptor as against the proposer. Gillet v. Bank, 160 N. Y. 549, 55 N. E. 292. By the agreement the plaintiff was to act as engineers for the defendant, doing all the necessary work provided in the proposal in connection with and incident to the design and construction of the electrification of certain lines of the defendant. The plaintiff's compensation was to be for designing, 5 per cent. upon the estimated cost of the plant and the equipment therein, and for acting as contracting engineers for the whole or any part of the work that the defendant desired the plaintiff to do, by which the plaintiff was to furnish, install, and house all the apparatus and material, and provide all labor and services necessary and incident to the completion of the plant ready for operation, the actual cost incurred, including the actual cost of the engineering work, with 10 per cent. added to such total cost. It was then provided that:

"The 'actual cost' shall include the cost of the time, traveling expenses, tools and supplies of engineers, and other employés to the extent that such services and expenses are applied specifically to this work, and also that it shall include miscellaneous charges, such as fire and casualty insurance, freights, express, water, telephone and telegraph service, cost of accidents, breakages, temporary headquarters for the work, storage, stock room and all other sums of money which we shall necessarily or reasonably pay in the conduct of the work done under this proposal. No charge except as herein pro-

vided, shall, however, be made for the general expense of conducting business, such as rents of general offices, advertising or general clerical work, nor for the time or services of the president and vice president; it being the intent of this proposal that in accordance with our usual practice only such expenses as are actually incurred by reason hereof shall constitute and be included in 'actual cost.' "

The plaintiff procured such fire and casualty insurance as it desired, and the defendant paid the premiums therefor. In consequence of the negligence of the plaintiff, one of its employés was seriously injured, for which the injured employé brought action against the plaintiff and recovered judgment for $25,259.37, which was affirmed on appeal. The plaintiff's casualty insurance policy covered but $5,000 of this recovery, which amount was paid by the casualty company, and the balance of that judgment the plaintiff seeks to recover in this action.

It seems to me that a liability imposed upon the plaintiff by its own negligence as to one of its own employés was not included in the term "the actual cost," as stated in the proposal. To include it we would have to construe the instrument so that, if plaintiff by its own negligence caused injury to its employé, the plaintiff was not only to receive the amount it was compelled to pay as a result of such negligence, but a premium of 10 per cent., as compensation to it for having negligently injured or killed its employé. The fact that plaintiff has not claimed this 10 per cent. seems to me immaterial; but, by the construction adopted by this court, the plaintiff would clearly be entitled to it. Certainly that could not have been the intention of the parties in making the proposal or in accepting it. The plaintiff was authorized to procure such casualty insurance as would protect it, and for the cost of such casualty insurance the defendant would have been liable. The fact that the plaintiff failed to procure sufficient insurance to protect it could not make the defendant an insurer against plaintiff's negligence. Certainly the clause "cost of accidents," inserted as it is, following a charge for fire and casualty insurance, freights, express, etc., and followed by charge for breakages, temporary headquarters for work, etc., would seem to limit this phrase "cost of accidents" to the cost of repairs for accidents to the machinery or in the work being done. The cost of an accident seems to me to refer solely to the cost of repairing or supplying the injury to the property or to the work, the result of an accident, and not to an incidental liability incurred by the plaintiff, the result of its own negligence. This seems to me to be emphasized by the concluding words of this clause, where it is said, "it being the intent of this proposal that in accordance with our usual practice only such expenses as are actually incurred by reason hereof shall constitute and be included in 'actual cost.' " Certainly a liability for plaintiff's negligence in injuring its own employé cannot be said to be an expense actually incurred by reason of the agreement. What the plaintiff had to pay to one of its own employés as damages to him sustained by reason of the plaintiff's failure to perform its duty of protecting its own employé, cannot be said to be an expense actually incurred

by reason of doing the work under the contract. No person accepting such a proposal could understand that it was to act as insurer of plaintiff to perform its duty to its own employés, and then not only to pay the cost of such insurance as the plaintiff should decide was necessary to protect itself from its own negligence, but also to act as insurer, when the plaintiff had failed to protect itself by such insurance.

It seems to me that this decision about to be made extends the liability of the defendant beyond that which it undertook by any reasonable construction of the plaintiff's proposal, and I think, therefore, the plaintiff should bear the expenses of its own negligence, and the judgment should be reversed.