The Long Island Railroad Company, Respondent, *v.* American Bridge Company of New York and United States Steel Corporation, Appellants.

Second Department, November 18, 1916.

Contract — indemnity agreement between bridge contractor and rail- road company construed — liability of bridge company for accidents caused solely by negligence of railroad company.

Action by a railroad company against a contractor and its surety upon an indemnity agreement to recover the amount of a judgment paid by the plaintiff in an action brought against it by an employee of a sub-

contractor for injuries alleged to have been caused by the plaintiff's negligence. Provisions of the contract examined, and *held*, that the bridge company by its agreement with the railroad company assumed absolute responsibility for all accidents, even those caused solely by the negligence of the railroad company itself;

That under the terms of the contract it was optional with the plaintiff to pay the contractor the amount due on the contract before the liability in this action was determined.

APPEAL by the defendants, American Bridge Company of New York and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of January, 1915, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying their motion for a new trial made upon the minutes.

*William W. Corlett* [*Raynal C. Bolling* and *Charles Mac-Veagh* with him on the brief], for the appellants.

*William C. Beecher* [*Joseph F. Keany* with him on the brief], for the respondent.

STAPLETON, J.:

The plaintiff, a railroad company, sued the defendant, a contractor, and its surety, upon an indemnity agreement. The contractor agreed to make and build an elevated railroad structure. It was to erect the superstructure while the plaintiff operated its railroad on adjacent surface tracks. Seabrook, an employee of a sub-contractor, was injured while working on the surface near the tracks. He sued the railroad company, alleging that its negligence in operating a train was the sole cause of his injury. He recovered judgment for $21,148.22, which was affirmed on appeal. The railroad company paid $23,000. The amount of that payment, with interest, is claimed in this suit. In this action the learned trial court directed a verdict for the plaintiff. All parties moved. A motion to set aside the verdict was entertained and, after deliberation, denied. If it be necessary to plaintiff's recovery here to prove negligence other than that of the railroad company, there is no evidence of that negligence, the

learned trial justice having excluded such evidence. The record of the trial of the tort action, which was received in evidence, does not prove the contractor's negligence; it was not in issue.   There was something said about it in the charge of the trial court in that action, but the negligence submitted was that of the railroad company.   The pertinent clauses of the contract are:

" 24.  In the execution of the work the Contractor assumes all risks and liability on account of injury or damage to persons and or property due to his carrying out of the work; and also all risks and liability of injury to abutting property, plant or employees from flood, fire, explosion, landslides, the breaking of water or gas mains or sewers, or by the breaking of live electric wires, or from any other cause; and all liability due to trespass or depredation on the part of his employees.

" 25.  Contractor shall protect the Company against any suits for damage which may arise from any injury sustained by any employee of the Contractor in the carrying on of this work; or from any damage suit arising from loss or damage to the person or property of any individuals due to the carrying on of the work or in consequence of the execution of this work. Contractor further agrees that all or sufficient money due to him under this contract shall and may be retained by the Company until any such suits for damage or claims shall have been settled, and evidence of such settlement furnished to the satisfaction of the General Solicitor of the Company.   *   *   *

" 28.  Such methods and plant shall be provided by Contractor as he considers suitable to his own requirements, for expeditiously and efficiently carrying out the work under contract; but if in the execution, the Engineer may deem any such methods or plant to be insufficient or improper, or such as to endanger the safety of persons or property, or of the work itself, he may order any such changed or discontinued, and such orders must be immediately and implicitly obeyed by Contractor.   *   *   *

" 61.  At all openings Contractor shall maintain efficient and satisfactory fences or other protection to employees and the public and by night shall maintain proper lighting and watch.   *   *   *

"D 9. At all times during the erection of either steel super-structure or masonry abutments or column foundation, adjacent to operating railroad tracks, the Contractor shall maintain an efficient flagman to watch and flag approaching trains; one such flagman to be maintained to the eastward and one to the westward of the point at which work is in actual progress. In case the services of such flagmen are necessitated by work being executed by more than one Contractor at the same location and time, and involving dispute between Contractors as to the distribution of such expense, then the Engineer will himself employ such labor on behalf of the Contractors and apportion to each Contractor his proper distribution of the expense; deducting the amount from any money which may be due to him for work executed.   *   *   *

"319. The Contractor shall and will indemnify and save harmless the Company of and from all actions, suits, claims and demands which may be made against said Company for or on account of any injuries or damages received or sustained by any person or persons, by or from the Contractor, his agents or servants, in the prosecution of this work, or by or in consequence of any negligence in prosecuting or guarding the same, or any improper tools or materials used in its construction, or by reason of any damage or injury to passengers or property of or upon the Long Island Railroad or in the public streets, whereby the Company shall sustain loss or be held liable in damages and shall in like manner indemnify the Company from any and all loss and damage sustained by said Company from any of the causes above recited."

The question for our decision is: Did the bridge company, by its contract with the railroad company, assume absolute responsibility for all accidents, even those caused solely by the negligence of the railroad company itself?

The quoted provisions provide for absolute indemnity for damages for injuries sustained by any employee of the contractor due to the carrying on of the work or in consequence of the execution of the work.  By the definition expressly adopted by the parties, subcontractor is included in the word contractor.  The agency by which the injury is inflicted is immaterial if the injury is inflicted in the carrying on of the

work. The words are plain and the scope comprehensive. No interpretation is needful. The parties were contracting for work of a peculiarly hazardous nature. It was designed that railroad building and railroad operation on the same right of way were to be simultaneously conducted. Incidental danger was foreseen. Liability for injury as between the parties was the subject of the contract. The duty of guarding against injury to workmen from the danger of operation was expressly assumed by the contractor.

We need only read the provisions for indemnity in the contract examined in *Manhattan Railway Co.* v. *Cornell* (54 Hun, 292; affd., 130 N. Y. 637), cited by appellants, to find them not to be as comprehensive in scope and as plain and precise in fixing the contractor's liability. It may also be noted it does not appear in that case that there was an affirmative duty to guard assumed by the contractor and that the parties had that circumstance in mind when preparing their contract. The provision for indemnity against the damage caused by the negligence of the plaintiff's employee is not illegal. (*Westinghouse, Church, Kerr & Co.* v. *Long Island R. R. Co.*, 160 App. Div. 200; affd., 216 N. Y. 697.)

We think the indemnitors were properly and seasonably vouched into the Seabrook case, and that, under the terms of the contract, it was optional with the plaintiff to pay the contractor the amount due on the contract before the liability herein was determined. (*Mayor, etc.*, v. *Brady*, 151 N. Y. 611.)

The judgment and order should be affirmed, with costs.

Present — JENKS, P. J., CARR, STAPLETON, RICH and PUTNAM, JJ.

Judgment and order unanimously affirmed, with costs.