THOMPSON-STARRETT COMPANY, INC., Respondent, *v.* OTIS ELEVATOR COMPANY, Appellant.

(Argued March 17, 1936; decided April 15, 1936.)

*Joseph M. Proskauer, J. Alvin Van Bergh* and *Albert L. Solodar* for appellant.

38

*J. G. Fink* and *Harry N. French* for respondent.

Hubbs, J. The respondent's predecessor, Thompson-Starrett Company, Inc., was the general contractor engaged in the construction of a forty-two story building in the city of New York. Since respondent as successor of Thompson-Starrett Company, Inc., assumed the rights and liabilities of that company, respondent will hereafter be referred to as the contractor. It entered into a subcontract with the appellant for the furnishing and installation of elevators and elevator equipment. As an incident of that subcontract, the appellant agreed to indemnify the respondent " against all claims for damages to persons growing out of the execution of the work."

The appellant further agreed to " maintain compensation insurance covering employees as required by law and liability insurance against all claims for damages for personal injury or death suffered by persons other than employees and growing out of the execution of the work."

The word " work " was defined in the contract as " the work, materials, matters and things required to be done and furnished by subcontractor under this contract."

Two men, employees of appellant, were injured and recovered large judgments against the respondent. Respondent paid the judgments and brought this action to recover the amount paid, claiming liability therefor on the part of the appellant under the indemnity clause above quoted.

Upon the trial of this action the facts were admitted, the respondent expressly stipulating as follows: " The injuries sustained by Hopkins and Dragnet were caused by a falling piece of iron which belonged to the plaintiff's predecessor herein, and was to be used by it in the framework of the building, and the accident occurred solely by reason of the negligence of the said predecessor in causing or permitting the said object to fall and/or in failing to properly guard the elevator shaft in which the injured men were working."

The courts below have construed the contract to require the appellant subcontractor to indemnify the respondent general contractor against injuries occasioned solely through the negligence of the respondent. The injuries sustained by the workmen cannot properly be said to be injuries " growing out of the work " within the meaning and intent of the agreement. Such a construction of the contract is unwarranted and places upon the appellant a burden which under the express terms of the contract it did not agree to assume and liability for which is not to be implied from the language used.

The contract is not primarily one of indemnity, an agreement to procure for the respondent indemnity against " all claims for damages to persons " growing out of the work of the general contractor. The primary purpose of the contract was to provide for elevator construction work by the appellant as subcontractor and the indemnity agreement was an incident of the contract intended to afford to the respondent protection against such claims for damages as might grow out of damages to persons resulting from the prosecution of that part of the work

embraced in the general contract to be undertaken by appellant as subcontractor. Viewed in this light, the indemnity was clearly intended to extend to damages to persons resulting from the prosecution of work under the subcontract and not to damages to persons resulting from negligent prosecution of work remaining under the exclusive jurisdiction of the respondent as general contractor or by it contracted to persons other than the appellant. The injuries sustained by appellant's employees were not injuries growing out of any work undertaken by appellant. Under the facts as stipulated, they grew out of work which was no part of appellant's contract. They were sustained solely through the invasion by respondent into an area in which appellant and its workmen were by contract entitled to be and as to which the respondent owed the duty of providing safeguards which it neglected to provide and of refraining from increasing hazards by its own negligence.

It is a general rule long established that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. (*Employers' Liability Assur. Corp.* v. *New York Linen Supply & Laundry Co.*, 239 N. Y. 560; *Manhattan Ry. Co.* v. *Cornell*, 54 Hun, 292; affd., 130 N. Y. 637.)

That such is the rule in this State has been recognized alike by the Federal courts as well as courts of other states, the decision in *Manhattan Ry. Co.* v. *Cornell* (*supra*), being cited in support thereof. (Cf. *Wallace* v. *United States*, 16 Fed. Rep. [2d] 309; affd., 18 Fed. Rep. [2d] 20; *Perry* v. *Payne*, 217 Penn. St. 252.)

It is the contention of respondent that such rule has been abrogated by the decisions in *Post & McCord* v. *N. Y. Municipal Ry. Co.* (187 App. Div. 167; affd. without opinion, 230 N. Y. 540); *Long Island R. R. Co.* v. *American Bridge Co.* (175 App. Div. 170; affd. without opinion, 225 N. Y. 692), and *Westinghouse, Church, Kerr*

& Co. v. *Long Island R. R. Co.* (160 App. Div. 200; affd. without opinion, 216 N. Y. 697), all of which were relied upon by the trial court. In each of these cases the indemnitor was a general contractor who had charge of and responsibility for all the work connected with the erection of the structure. In the first case, *Post & McCord* v. *N. Y. Municipal Ry. Co.* (*supra*), the indemnitor was constructing the foundations of an elevated railway for defendant, the owner. A passenger was injured when a trolley car collided with a crane operated by the general contractor. Under such facts it was held that the defendant was entitled to enforce its indemnity agreement. There the accident did not result from negligence on the part of the defendant, the indemnitee. The claim was so clearly within the express terms of the contract as to make inapplicable the general rule above stated.

In *Long Island R. R. Co.* v. *American Bridge Co.* (*supra*, p. 173) a contractor was engaged in construction work on plaintiff's line and assumed the obligation of maintaining an efficient flagman to watch and flag approaching trains at a point at which work was in actual progress. The indemnity provided by the contract was against all claims " on account of any injuries or damages received or sustained by any person or persons, by or from the contractor, his agents or servants in the prosecution of this work, or by or in consequence of any negligence in prosecuting or guarding the same."

An employee of a subcontractor was injured by a train operated by the plaintiff, and alleging negligence on the part of the plaintiff railroad, recovered a judgment. The railroad thereupon brought suit on the indemnity agreement and a recovery was had. It was recognized in the opinion below that the defendant contractor had specifically assumed the duty of guarding against injury to workmen, a duty in which it failed. The claim came, therefore, within the express terms of the contract of indemnity and its enforcement was proper, despite negligence on the part of the indemnitee.

In *Westinghouse, Church, Kerr & Co.* v. *Long Island R. R. Co.* (*supra*) the owner had made a construction contract on a " cost plus basis," the cost being specifically defined to include " cost of accidents." An accident having occurred, the court held that the damages paid as a result thereof were a proper cost under the specific language of that contract.

None of those three cases has the effect of overruling the general rule that a contract will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal language. On the contrary, each is illustrative of the exception indicated in the rule as quoted. In construing a contract there must be taken into account the intent of the parties, as expressed in the contract and as indicated by the nature and extent of the work to be performed under the contract. The contract here has for its primary purpose not indemnification but construction of an integral part of a larger undertaking. To say that in contracting to construct such integral part, the appellant, by such general language as was here used, assumed the obligation of indemnifying respondent for claims resulting from accidents to persons caused by the negligence of respondent, especially in view of the duty resting upon respondent to provide safeguards against accidents of the nature of that which occurred is to place upon appellant an unreasonable burden, a burden not to be deemed to have been within contemplation of the parties as indicated by their contract.

The mere fact that the accident occurred while the employees of appellant were engaged in work as defined in the contract is not sufficient to impose liability under the indemnity agreement. While it is true that the accident would not have occurred had they not been so engaged, the work was not the cause of the accident. It was respondent's own negligence which was the cause, and under such circumstances the language of the indemnity agreement was far too general in its nature to impose liability upon the appellant.

Here there was not merely passive negligence on the part of the respondent. The stipulation discloses active negligence on its part. The question stated but not decided in *Dudar* v. *Milef Realty Corp.* (258 N. Y. 415) is not presented.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.