Thompson-Starrett Company, Inc., Appellant, *v.* American Mutual Liability Insurance Company of Boston, Respondent.

First Department, June 22, 1937.

*J. G. Fink* of counsel [*Harry N. French* with him on the brief; *Eidlitz, French & Sullivan*, attorneys], for the appellant.

*Dickinson S. Talley* of counsel [*Tippett & Talley*, attorneys], for the respondent.

GLENNON, J. This action was commenced by plaintiff-appellant Thompson-Starrett Company, Inc., to recover from the defendant-respondent American Mutual Liability Insurance Company the limit of its liability on an indorsement attached to a contractors' contingent liability policy issued to the Gurney Elevator Company, Inc., and, in addition thereto, pursuant to an amendment, after due notice, which was granted upon the trial, the expenses incurred by appellant in the defense of an action. Generally, it is the claim of the appellant that the liability of the respondent to it is stated explicitly in the indorsement, and, further, that it properly has maintained this action since the indorsement was attached to the policy for its benefit.

There is little dispute as to the facts. The respondent insurance company, on April 1, 1929, executed and delivered to the Gurney Elevator Company its contractors' contingent liability policy whereby it insured Gurney against loss and expense arising from claims for damages on account of bodily injuries covered by the policy, expressly excluding, however, injuries to Gurney's employees. The underlying policy apparently was designed to cover Gurney as against damage suits and claims arising out of the negligent acts of its subcontractors.

The appellant, general contractor for the erection of an office building at 30 Pine street, entered into a subcontract with the Gurney Elevator Company whereby the latter agreed to install the elevators in the building. Under article XV of the contract, Gurney agreed to indemnify and save harmless the contractor, Thompson-Starrett Company, Inc., against " any and all claims and demands for damages * * * and for personal injuries * * * arising out of or caused, in whole or in part, by the execution of the Work, or caused, in whole or in part, by any fault or neglect of Sub-Contractor [Gurney]." The contract between appellant and Gurney was dated August 3, 1929.

The respondent insurance company, on August 8, 1929, executed and delivered to Gurney an indorsement to the underlying policy, which reads in part as follows:

" In consideration of the above stated additional premium, it is hereby agreed that the policy to which this indorsement is attached is extended from 12:01 A. M. August 8th, 1929, to cover the liability of the Thompson-Starrett Company, Contractor, and The N & L

Realty Corporation, Owner, against loss from the liability imposed upon the aforesaid for damages on account of bodily injuries including death resulting therefrom suffered by any person or persons as a result of accidents occurring during the installation of elevators by the Gurney Elevator Company, Inc., at 30 Pine Street, New York, N. Y., it being agreed that the Thompson-Starrett Company, Contractor, and The N & L Realty Corporation, Owner, have no employees engaged in the installation work. * * *

" Nothing herein contained shall waive, vary, alter or extend any provision or condition of the undermentioned policy other than as above stated."

Appellant had no employees engaged in the installation work of the elevators.

It should be noted at the outset that the language employed by the respondent in the indorsement is similar to that which is found in the bodily injury coverage clause of the ordinary liability policy.

One John Burke, an employee of Gurney, on December 2, 1929, while working in the elevator shaft at 30 Pine street, was struck by a brick negligently dropped by an employee of Thompson-Starrett Company, Inc. Burke sued the latter in a third party action. The appellant, under date of February 26, 1930, wrote the Gurney Elevator Company in part as follows:

" We hereby give you notice of this accident and the plaintiff's claims, and shall expect you to fulfill your obligations under this provision of your contract.

" You are also invited to cooperate in the defense and settlement of the action as in this Article provided."

Later, on March 27, 1930, Gurney wrote to the respondent as follows: " With further reference to our conversation of yesterday, the writer would appreciate it if you would return the original Thompson-Starrett letter and summons and their answer, which I understand you have sent to Boston. Inasmuch as you have decided that you are not responsible in any way for this action, I assume that these papers are of no further use to you."

It will be seen from the foregoing correspondence that the respondent had full notice of the institution of the Burke suit. That action came on for trial. The respondent neither appeared nor took any part in the defense. A verdict was rendered in favor of Burke in the sum of $35,000. Thompson-Starrett Company, Inc., settled for $30,000, and then brought the present action.

The court at Trial Term directed a verdict in favor of the respondent insurance company upon the ground that it is not liable to the appellant under the ruling of the Court of Appeals in *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36).

We are of the opinion that the case of *Thompson-Starrett Co.* v. *Otis Elevator Co.* (*supra*) does not control. That action was between the contractor and the subcontractor based upon an agreement of indemnity contained in the subcontract, whereby Otis Elevator Company agreed to hold harmless Thompson-Starrett " against all claims for damages to persons growing out of the execution of the work." The Court of Appeals, through Judge HUBBS, reiterated " the general rule that a contract will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal language." He further stated, in referring to the circumstances of that particular case, that " the language of the indemnity agreement was far too general in its nature to impose liability upon the appellant [Otis Elevator Company]."

While it argued by the appellant that the indemnity agreement in the present case is far broader than the one considered in the *Otis Elevator Co.* case, still, we are not called upon to determine whether or not it was the intention of Gurney to indemnify Thompson-Starrett against its own negligence. The present suit is not based upon the indemnity agreement between Thompson-Starrett and its subcontractor. It is directed solely against the defendant upon an indorsement which it saw fit, for an additional premium, to attach to a policy of insurance which it had written.

The contractors' contingent liability policy issued by this respondent to Gurney covered bodily injuries, including accidental death, sustained " by any person or persons other than employees of the insured." This record discloses that, before executing the indorsement of August 8, 1929, the respondent was furnished with a copy of the indemnity agreement contained in the subcontract from Gurney to Thompson-Starrett. Nevertheless, the company saw fit to execute the indorsement to this policy to cover the liability of Thompson-Starrett Company, Inc., " against loss from the liability imposed upon the aforesaid for damages on account of bodily injuries including death resulting therefrom suffered by any person or persons as a result of accidents occurring during the installation of elevators by the Gurney Elevator Company, Inc." It is to be noted that no reference was made in the indorsement to the employees of Gurney. It is provided in the underlying policy that the liability of Gurney for injury to its employees was to be covered by a workmen's compensation policy, which was to be written by this defendant. A fair construction of the language used by the defendant in writing its indorsement leads to the conclusion that Thompson-Starrett was entitled to protection even against its own negligence where a person suffered injuries as a result of an accident. If the respondent intended in the indorse-

ment to exclude liability for injuries sustained by the employees of Gurney through the negligence of Thompson-Starrett, such limitation could have been accomplished by the addition of a few words.

It is claimed by the respondent that the indorsement was not made for the benefit of the appellant, and, consequently, that the latter cannot maintain this action. With that contention we are not in accord. It must be remembered that this respondent was paid for the additional insurance which it saw fit to write.

It follows, therefore, that the judgment as entered should be reversed, with costs, and that judgment should be directed in favor of the appellant, with interest and costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the appellant, with interest and costs. Settle order on notice.