GIUSEPPINA DI BENEDETTO, as Limited Administratrix, etc., of VITO DI BENEDETTO, Deceased, Appellant, v. ALBERT A. LUTZ CO., INC., Respondent, HENRY A. MADER, Defendant, and F. EVERETT INC., Impleaded Defendant, Appellant.— Action to recover damages for the wrongful death of plaintiff's intestate. On October 2, 1936, plaintiff's intestate, while engaged in doing masonry work in a building in the course of construction, struck his head on certain boards which protruded irregularly and unevenly over the edge of a certain opening between the street floor and the basement, sustaining injuries from which he died. At the time of the accident decedent was in the employment of F. Everett Inc., a subcontractor engaged in doing the masonry work. Plaintiff sues Albert A. Lutz Co., Inc., the general contractor, and Henry A. Mader, a subcontractor, engaged in doing the carpentry work, alleging they created and maintained the unsafe condition which caused the injuries resulting in deceased's death. After joinder of issue defendant Lutz, upon notice to plaintiff, obtained an order under subdivision 2 of section 193 of the Civil Practice Act, granting it leave to bring in deceased's employer, Everett, as an additional defendant and to serve upon Everett a supplemental summons and amended answer. Plaintiff appeals from this order. After service of the supplemental summons and amended answer, the impleaded defendant Everett moved to vacate the order of impleader and to dismiss, for legal insufficiency, the cross-complaint contained in the amended answer. The motion to vacate the order of impleader was denied, but the court

granted the motion to dismiss the complaint unless, within twenty days, defendant Lutz " serve an amended cross-complaint stating the facts constituting the alleged negligence of the impleaded defendant F. Everett Inc., which caused the accident which is the subject matter of this action." The second amended answer was served and Everett moved to dismiss the cross-complaint contained therein, upon the ground of legal insufficiency. The motion was denied. The impleaded defendant Everett appeals from both of said orders. Order dated May 14, 1940, granting defendant Lutz's motion for leave to implead Everett, reversed on the law and the facts, with ten dollars costs and disbursements to plaintiff, and the motion denied, with ten dollars costs to plaintiff. Order dated September 18, 1940, in so far as it denies defendant Everett's motion to vacate the order of impleader, reversed upon the law and the facts, with ten dollars costs and disbursements payable to appellant F. Everett Inc., and motion granted, with ten dollars costs payable to F. Everett Inc. In our opinion the indemnity provided for in the impleaded defendant Everett's subcontract does not and was not intended to indemnify defendant Lutz against an action where, as here, that defendant and Mader, another subcontractor, are charged with creating and maintaining the unsafe condition which resulted in the injuries and death of plaintiff's intestate. It is intended to extend only to claims or suits brought against defendant Lutz as general contractor resulting from the negligent prosecution of the masonry work by the impleaded defendant Everett under its subcontract. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 40, 41.) In view of this determination, the appeal from the order denying appellant Everett's motion to dismiss, for legal insufficiency, the cross-complaint contained in the second amended answer becomes academic and is, therefore, dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.