William Lyman, J.
The third-party plaintiff, Harry Jereski, Inc., the general contractor, seeks to recover judgment over *220 against the third-party defendant, B & A Carpenters, Inc., the subcontractor, by reason of (1) an express contract of indemnity and (2) active-passive negligence.
While the court finds that the third-party defendant was guilty of negligence, it is clear that in the light of the charge to the jury, its verdict could only have resulted from a determination that Jereski was guilty of active negligence. The record establishes that the general contractor, in the aspect most favorable to it, was a joint tort-feasor in pari delicto with the plaintiff’s employer, the third-party defendant (Dolnick v. Donner Lbr. Corp., 275 App. Div. 954, affd. 300 N. Y. 660).
Under paragraph 27 of the contract, the subcontractor agrees to indemnify the contractor, even if caused by the latter’s own negligence, if any employees of the former be injured by the use ‘ ‘ of any scaffolds, hoistways, hoists, ladders, or any other equipment belonging to or rented by the Contractor.” The accident here was caused by a defective beam, which was to become part of the building, and hence, building material rather than equipment. Accordingly, this paragraph has no application.
Paragraph 28 provides for indemnity 1 ‘ against and from all claim or damage arising or alleged to arise out of or in connection with the performance of the [his] contract.” The language of this paragraph does not unequivocally express the intention that the contractor be indemnified against its own negligence (see Inman v. Binghamton Housing Auth., 3 N Y 2d 137, 148; Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41).
The third-party complaint is dismissed and judgment is granted in favor of the third-party defendant.