HARVEY J. BERNSTEIN, Plaintiff, *v.* SEACLIFF BEACH CLUB, INC., et al., Defendants.

District Court of the County of Nassau, Second District, May 15, 1962.

*Harry Spar* for plaintiff. *Jankell & Angel* for defendants.

BERNARD TOMSON, J. In this action to recover damages for personal injuries incurred while the plaintiff was availing himself of the benefits of the defendants' beach club, the defendants seek to avoid liability by reason of an exculpatory clause contained in an "Application for Membership" signed by a Mr. Butterman, whose family and that of the plaintiff shared a "cabana". Although neither the plaintiff nor any member of his family signed the application they were each issued cards on which appeared the legend: "The governing committee of the Seacliff Beach Club takes pleasure in extending the privileges of the club to . . . "; and there followed the name of one member of the Bernstein family on each card.

The argument advanced by the defendants is that "although Mr. Bernstein, the plaintiff herein, did not sign the said agreement, he is nevertheless bound by the terms thereof as principal for Mr. Butterman who acted as his agent in making said agreement". The "agreement" referred to is headed: "Application for Membership", and reads as follows:

"I hereby make application for Family Membership in the Seacliff Beach Club of Atlantic Beach, Long Island, for the 1961 Season. If elected a Member, I agree to observe all rules and regulations of the Club, now or hereafter adopted by the Governing Board. I further agree to be responsible for the con-

duct of all persons sharing the CABANA with me in this application and, if rented on more than one family basis, to be liable jointly and severally for all fees and rentals. I do hereby waive claim for any loss or damage to automobile or other property or for personal injury sustained by reason of the use of Beach Club property and facilities; and do waive trial by jury.

Applicant's Full Name     Donald J. Butterman

\* \* \* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Family Membership Group*

Donald J. Butterman        Margot S. Butterman

. . . . . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . .
    (Husband)             (Wife)

Bryan Butterman    8 Months     Jody Bernstein    5 Months

. . . . . . . . . . . . . . . .   . . . . . . . . .    . . . . . . . . . . . . . .   . . . . . . . .
(Unmarried Child)   (Age)    (Unmarried Child)   (Age)

*Additional Single Memberships*

. . . . . . . . . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . .   . .   . . . . . . . . . . .
   Name (Please print)     Residence Address   Age   Signature

Marianne Bernstein     67-66 108th St., Forest Hills

. . . . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . . . . . . . . .

Harvey Bernstein

. . . . . . . . . . . . . . . . . . . . . .

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Signature     Donald J. Bernstein (Signed)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    (To be signed by Head of Family) ''.

A reading of the clause relied on would indicate that it fails to meet the criteria for a valid exculpatory clause intended to exempt a party from liability resulting from his own negligence. These criteria were last detailed by the Court of Appeals in *Ciofalo* v. *Vic Tanney Gyms* (10 N Y 2d 294, 296–297): '' Although exculpatory clauses in a contract, intended to insulate one of the parties from liability resulting from his own negligence, are closely scrutinized, they are enforced, but with a number of qualifications. Whether or not such provisions, when properly expressed, will be given effect depends upon the legal relationship between the contracting parties and

the interest of the public therein. * * * On the other hand, where the intention of the parties is expressed in sufficiently clear and unequivocal language (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41), and it does not come within any of the aforesaid categories where the public interest is directly involved, a provision absolving a party from his own negligent acts will be given effect. * * * Of course, contracts may not be construed to exempt parties from the consequences of their own negligenc in the absence of express language to that effect (*Boll* v. *Sharp & Dohme,* 281 App. Div. 568, 570–571, affd. 307 N. Y. 646; *Kaufman* v. *American Youth Hostels,* 6 A D 2d 223, 229, mod. 5 N Y 2d 1016; *Howard* v. *Handler Bros. & Winell,* 279 App. Div. 72, 75–76, affd. 303 N. Y. 990; *Thompson-Starrett Co.* v. *Otis Elevator Co., supra*)."

In the *Ciofalo* case (p. 297) the court held that the clause there used "expresses as clearly as language can the intention of the parties to completely insulate the defendant from liability for injuries sustained by plaintiff by reason of defendant's own negligence, and, in the face of the allegation of the complaint charging merely ordinary negligence, such agreement is valid." (See, also, Ann. 175 A. L. R. 8; *Bard* v. *Board of Educ.,* 140 N. Y. S. 2d 850; *Zackby* v. *Kopell,* 144 N. Y. S. 2d 243.) Note: The clause in the *Ciofalo* case reads that the defendant "shall not be liable for any damages arising from personal injuries sustained by * * * in, on or about the premises * * * resulting from or arising out of the * * * use or intended use of said gymnasiums or the facilities and equipment thereof, including * * * any claims for personal injuries resulting from or arising out of the negligence of * * * owners, agents or employees or the negligence of any other persons present on said premises." (See *Ciofalo* v. *Vic Tanney Gyms,* 13 A D 2d 702).

The clause here relied on, not only does not expressly state that it relieves the defendants from their "negligence", but also, more significantly, reads in the first person singular. Since the application is signed only by Donald J. Butterman, the clause would appear to refer to him alone and not the plaintiff. (Cf. *Kaufman* v. *American Youth Hostels, supra*).

There remains for resolution the question whether Butterman acted as the plaintiff's agent, assuming *arguendo* that the clause were valid. On this issue the defendants failed to produce the necessary quantum of proof. It could hardly be held that on the facts in this case the "agent" had the authority to sign on behalf of his "principal" a contract which included an exculpatory clause such as here in issue. Such a clause is not the

" usual form " or " usual terms " or an act incidental to the making of the contract which, under like circumstances is " usually done " or " reasonably necessary " (Restatement, Agency, § 51). It must be distinguished from the indorsement of a bill of lading which usually contains a limitation of liability clause (cf. *Bradford Co.* v. *Dunn,* 250 N. Y. 461), and is unlike the situation where a corporation *must* act through an agent in executing an agreement. (Cf. *Ramsey Outdoor Store* v. *Chase Manhattan Bank,* 169 N. Y. S. 2d 772.) The authority to execute on behalf of another a contract containing a clause which exempts a third person from liability for his negligence must be clearly spelled out. Such authority can not be predicated on the testimony produced.

The plaintiff was an invitee; he was not guilty of contributory negligence; the " exculpatory clause " does not affect the plaintiff's right to recover.

Judgment is directed to be entered for the plaintiff in the sum of $1,000, with costs and disbursements.