Nathaniel T. Helman, J.
This action was brought against the defendant S. H. Kress & Co. for damages incurred to plaintiff as a result of injuries sustained to him when his head struck an appurtenance to one of the elevator doors in the premises owned and operated by the defendant. The jury having awarded a judgment in favor of the plaintiff, questions of ultimate liability have now arisen as between the owner, S. H. Kress & Co. as a third-party complainant, and its independent contractor Canaday Cooler Co., Inc., as a third-party defendant. All issues under the third-party complaint were reserved for determination by the court without a jury by express stipulation.
The third-party complaint proceeds on two theories, (a) common-law indemnification, (b) liability under the terms of an express indemnification agreement.
While there was some evidence that a foreman employed by Canaday was in the elevator with plaintiff immediately prior to the actual occurrence, no testimony was offered which would in any way implicate the foreman in any act or omission which could be proximately related to the accident so as to charge Canaday with common-law negligence. Both the pleadings and the proof restricted plaintiff’s claim to a charge of improper maintenance and control of the elevator by defendant Kress. The cause of action for common-law indemnification must therefore fail.
The language of the contract between Canaday and Kress included a provision for indemnification “ in the event of any injury to contractor’s employees, * * * arising out of the work done under this work order ”. It is the contention of Kress that this constituted an absolute indemnity between the parties including an indemnity of Kress against its own negligence. This contention is without merit. The case of Jordan v. City of New York (3 A D 2d 507) has clarified the requirements for indemnity provisions of this type. The intention to provide indemnity for losses due to negligence must be “ unequivocally expressed ” in the agreement. Phrases such as “ arising out of the performance hereunder ” or words of similar meaning have been held nonenforcible (Thompson-Starret Co. v. Otis El. Co., 271 N. Y. 36, 41; Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182). The more recent case of Fuller Co. v. Fischbach & Moore (7 A D 2d 33) cited by Kress dealt with the words “ arising out of or in consequence of the performance of the work ”, but there the court pointed out that the indemnity clause contained the *943 significant language 1 ‘ whether such injuries to persons are due or claimed to be due to any negligence of the sub-contractor, the owner, the general contractor, his or their employees or agents or any other person ’
It is true as was stated in the Jordan case (supra), that in order to warrant such a construction the contract need not contain express language referring to the negligence of the indemnitee, but lacking any expression of intent to embrace the negligent acts or omissions of the indemnitee, within the scope of the agreement, the court cannot distend the words beyond their plain intent and meaning.
Accordingly the causes of action asserted against the third-party defendant cannot be legally maintained and defendant Canaday may have judgment dismissing the third-party complaint as to both causes of action.