JAMES McKEE, Plaintiff, v. ALBORO CRANE RENTAL CORP., Defendant and Third-Party Plaintiff-Respondent. HARROD STEEL ERECTION CO., INC., Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injury, in which the defendant Alboro corporation, as a third-party plaintiff, interposed a third-party complaint against the third-party defendant Harrod Steel Erection Co., Inc., said third-party defendant appeals from an order of the Supreme Court, Kings County, dated February 1, 1962, which denied its motion to dismiss for patent insufficiency the first cause of action pleaded in the third-party complaint. Order reversed on the law, with $10 costs and disbursements; motion granted, and the first cause of action pleaded in the third-party complaint dismissed. The main complaint alleges: (a) that, while plaintiff was attending to his duties as an employee of the third-party defendant, he was struck by a boom which fell from a crane; (b) that said crane was the property of the third-party plaintiff; (c) that the boom fell because it was in a defective condition; and (d) that the third-party plaintiff knew or should have known of the defect in the boom, but failed to properly inspect, test and repair it. In its third-party complaint the third-party plaintiff pleaded that the third-party defendant overloaded the crane, overextended it, and failed to use sufficient counterweights; and that in these and in other specified respects it was guilty of active negligence. In denying the motion, Special Term held that a possibility existed that the evidence upon the trial might substantiate the third-party plaintiff's right to recover over on its third-party complaint. In our opinion, the main complaint charges the third-party plaintiff with active negligence (*Bernardo* v. *Fordham Hoisting Equip. Co.*, 6 A D 2d 619, affd. 6 N Y 2d 733). A party so charged can have no proper claim over; as between active tort-feasors there is no implied or common-law right of indemnity (*Gilbert* v. *Barouch*, 10 A D 2d 984). Neither any party in his brief nor the Justice at Special Term in his decision has referred to any allegation in the first cause of action of the third-party complaint, which purports to plead contractual indem-

nity (as distinguished from common-law or implied indemnity). In any event, it is our opinion that no proper claim for contractual indemnity is stated in said first cause of action, since there is no allegation that the third-party defendant agreed to assume responsibility for the third-party plaintiff's negligence (cf. *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.