GENERAL ELECTRIC COMPANY, Appellant-Respondent, v. HATZEL & BUEHLER, INC., Respondent-Appellant.

First Department, June 11, 1963.

*Julius L. Goldstein* of counsel (*Lawrence Eichner*, attorney), for appellant-respondent.

*Richard J. Relyea, II,* for respondent-appellant.

BASTOW, J. Plaintiff entered into a written contract with New York City Transit Authority (herein Authority) to do specified work on a power plant. A portion of the work was performed by defendant as a subcontractor. One Bertram, an employee of defendant, was injured while cutting through a live cable. He brought an action against the plaintiff herein (General Electric), the Authority and an engineering firm. The latter two defendants cross-claimed against General Electric.

Upon the trial Bertram was awarded a substantial sum against the three defendants and the cross claims of the engineering firm and the Authority were dismissed. This court on appeal modified the judgment in two respects (*Bertram* v. *New York City Tr. Auth.,* 16 A D 2d 779). Bertram's complaint, as to General Electric, was dismissed upon a finding that there was a failure of proof that General Electric had improperly increased the risk in a concededly hazardous undertaking. The dismissal of the cross complaints was reversed and judgment thereon granted in favor of the Authority and the engineering firm against General Electric. This was done upon a holding that the contract between the Authority and General Electric provided an absolute liability on the part of the latter.

Thereafter General Electric paid the judgment and brought this action to recover the amount of such payment based upon certain provisions of the subcontract. Both parties sought relief by way of summary judgment which was denied at Special Term and both appeal. While a contrary position was formerly taken by defendant, it now concedes that the work Bertram was doing at the time of the accident was being performed under the sub-

contract between plaintiff and defendant. This presents as the sole issue the construction of the pertinent provisions of the subcontract between the parties to this action.

Paragraph six of that contract provides in part that defendant "agrees to hold harmless and indemnify [General Electric] from all loss, damage [and] costs  \*  \*  \*  on account of personal injuries (including death)  \*  \*  \*  resulting from performance of the work covered by this contract." Other provisions of the subcontract make plain the fact that the work was being done pursuant to the provisions of the prime contract between General Electric and the Authority. Thus, in paragraph four defendant agreed to comply "with all the provisions, terms, specifications and requirements" of the prime contract.

We are not in disagreement with the position of defendant that it did not by the foregoing quoted indemnity clause, or any other provision of the subcontract, undertake to assume the contractual obligation of article 14 of the prime contract that imposed absolute liability upon General Electric as between it and the Authority. The language used in the indemnity clause in the subcontract is not sufficiently broad to impose such liability.

The issue before us is to construe the rather plain language of the subcontract. Defendant agreed to indemnify plaintiff for all loss on account of personal injuries resulting from "performance of the work covered by this contract." Upon this appeal defendant concedes, apparently for the first time, that the work on which Bertram was engaged at the time he was injured was being done pursuant to the subcontract. The "loss" sustained by plaintiff was the amount it was required to pay in satisfaction of Bertram's judgment. This loss was clearly one that resulted from performance of the work within the meaning of the subcontract provision. (*Centino* v. *Isbrandtsen Co.*, 11 N Y 2d 690.)

A contrary construction would substantially devitalize the indemnity provision. If plaintiff had been found negligent in the Bertram action it would have been denied recovery against defendant because there may not be found in the subcontract an intent expressed in unequivocal terms to indemnify General Electric against its own negligence. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41.) General Electric having been absolved of negligence and liability to Bertram defendant would now have us construe the indemnity clause similarly to exonerate the latter from liability.

Words in a contract are to be construed in the light of the "'apparent object of the parties'" (*Inman* v. *Binghamton*

*Housing Auth.*, 3 N Y 2d 137, 147). It is fair to assume that both parties to the subcontract had knowledge prior to the execution thereof that General Electric had bound itself by the provisions of the prime contract to liability in a broad area not dependent upon any question of negligence. The provision of the subcontract simply carved out of this large area a smaller portion. While defendant did not assume General Electric's contractual obligation of absolute liability it did assume a limited liability. This must be so or the indemnity clause is without meaning. For reasons heretofore stated, plaintiff could not have sought reimbursement if it had been found to have been negligent. If it is now held that plaintiff, after having been found free from negligence, may not recover then the contract provision is without meaning. "It is a cardinal rule of construction that a court should not 'adopt an interpretation' which will operate to leave a 'provision of a contract  *  *  *  without force and effect'" (*Corhill Corp.* v. *S. D. Plants, Inc.*, 9 N Y 2d 595, 599). We find the object and intent of the parties was to place ultimate liability upon defendant if the loss resulted "from performance of the work" in the limited area covered by the subcontract.

The order entered January 3, 1963 denying summary judgment should be modified, on the law, with $20 costs and disbursements to grant plaintiff's motion for summary judgment and, as so modified, affirmed, with costs to plaintiff-appellant.

BOTEIN, P. J. and STEUER, J. (dissenting). We dissent from the conclusion of the majority. We agree that no question of fact is presented but believe that on the uncontroverted facts the law requires judgment in favor of the defendant.

The indemnity clause pursuant to which plaintiff was cast in damages to the parties held responsible for the accident was quite different from that in plaintiff's contract with defendant and on which it relies in this action. And it is not disputed that while defendant had knowledge of plaintiff's contract with the Transit Authority the significant clause is in no way embodied in the contract between the parties in this suit. It would therefore follow that the rights of the parties are governed solely by the contract which they made. As the majority points out, that clause is limited to indemnity for loss on account of personal injuries resulting from the work performed under the contract. This was not such a loss. Plaintiff was not compelled to pay for anything it or its subcontractor did or failed to do under the contract between them. Its payment resulted solely from an undertaking it assumed to the owner of the property on which

the work was performed. Nowhere in the contract between the parties is the consequence of loss from such an obligation assumed by the defendant. While it is true that plaintiff assumed this liability in connection with the work it contracted to do, it was not a loss, in the words of the contract between the parties to the subcontract, "resulting from performance of the work covered by this contract." In fact, the result of the action for injuries clearly demonstrates that the loss did not result from the work but from an obligation assumed by one of the parties. The *Centino* case (11 N Y 2d 690) cited in the majority opinion does not hold otherwise.

The order should be reversed and summary judgment granted to defendant on its cross motion.

BREITEL and STEVENS, JJ., concur with BASTOW, J.; BOTEIN, P. J., and STEUER, J., dissent in opinion.

Order, entered on January 3, 1963, so far as appealed from modified, on the law, to the extent of granting plaintiff's motion for summary judgment, and, as so modified, affirmed, with $20 costs and disbursements to plaintiff-appellant.