■ FRANK HAFFNER, Respondent, v. S. H. KRESS & COMPANY, Defendant-Appellant and Third-Party Plaintiff-Appellant. CANADAY COOLER CO., INC., Third-Party Defendant-Respondent.— Judgment, insofar as it directs a recovery by the plaintiff against the defendant, unanimously reversed on the law and the plaintiff's complaint dismissed, without prejudice (see CPLR 205), but with taxable costs and with costs of this appeal; and appeal by third-party plaintiff dismissed as academic, with costs to third-party defendant as against third-party plaintiff. It was error for the trial court to charge the jury that the defendant could be chargeable with negligence for alleged failure to comply with the provisions of section C26–873.0 of the New York City Administrative

Code. Bearing in mind the definition of "bulkhead" as set forth in section C26–27.0 of the code, said section C26–873.0 prescribing the "Head room in bulkheads" did not apply to the shaftway door or door opening in the elevator involved in the accident here. Moreover, the plaintiff failed to establish a prima facie case on any theory. There was no competent evidence that the elevator door or latch thereon was defective or improperly constructed. Furthermore, on the record here, it does not appear that there was any duty on the part of the defendant to warn the plaintiff of a condition which was not established to be improper or dangerous and which was apparently obvious for one to see if he had looked. In fact, the plaintiff knew he had to stoop to safely pass under the elevator door and, by stooping, had safely exited from and had safely re-entered the elevator prior to the accident. Finally, if we were to reach the merits and were not dismissing the appeal of the third-party plaintiff as academic, we would affirm such dismissal. No act or omission on the part of the third-party defendant in any way caused or contributed to cause the accident. Furthermore, as pointed out by the trial court, the provisions of the contract between the parties were not construable to afford indemnity to the third-party plaintiff for its own negligent acts or omissions. Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ. [36 Misc 2d 941.]