JOHN YONKE, Plaintiff, *v.* CENTRAL HUDSON GAS & ELECTRIC CORP. et al., Defendants.

CENTRAL HUDSON GAS & ELECTRIC CORP., Third-Party Plaintiff, *v.* ANTHONY M. SCHOVEL, Doing Business as SCHOVEL TREE AND LANDSCAPING SERVICE, Third-Party Defendant.

Supreme Court, Trial Term, Ulster County, June 23, 1966.

*N. Le Van Haver* for plaintiff. *Cook, Tucker & Dwyer* (*Francis X. Tucker* of counsel), for Central Hudson Gas & Electric Corp., defendant. *Roland, Hurley & Fox* (*Harry Fox* of counsel), for Auto Transport Co. and another, defendants. *St. John, Ronder & Bell* (*Howard C. St. John* of counsel), for third-party defendant.

HAROLD E. KOREMAN, J.   Plaintiff sued for personal injuries alleged to have been sustained by reason of the negligence of the defendants.   In a third-party action, the defendant Central Hudson Gas & Electric Corporation sought recovery over against the third-party defendant for any judgment rendered against it alleging that the accident and injuries to the plaintiff were caused by the primary active negligence of the third-party defendant and that it, the third-party plaintiff, was only passively negligent.   In addition, the third-party action is based upon an express indemnity agreement between the third-party plaintiff and the third-party defendant.   The jury rendered a verdict in favor of the plaintiff and against the defendant Central Hudson Gas & Electric Corporation only in the original action, and in favor of the third-party defendant in the third-party action. Implicit in the verdict of the jury was a finding that plaintiff's injuries were caused by the primary active negligence of the third-party plaintiff.   The court reserved unto itself the decision in the third-party action predicated upon an express indemnity agreement.

The third-party defendant was engaged to perform certain work for the third-party plaintiff under a written agreement, and the injuries to the plaintiff were alleged to have resulted from the performance of said work. There was ample proof that the accident occurred within a few hours after the third-party defendant had done work under the contract.   This work included the cutting up of a tree to which a guy wire was attached and a portion of the tree was left with the wire still attached. The injuries were sustained by the plaintiff as a result of the guy wire slackening as it crossed a public highway and being struck by a passing vehicle, which caused the piece of tree to which the wire was attached to strike the plaintiff.   Under such circumstances, it cannot be said that the accident did not arise '' in any manner from the carrying out of this Contract ''. The remaining question to be determined is whether, under the language of the indemnity agreement, the third-party plaintiff is entitled to recover from the third-party defendant the amount of the verdict rendered in favor of the plaintiff.   The pertinent part of the agreement is contained in paragraph 6 of the contract, and reads as follows: '' 6. Contractor's Risk and Liability.   The Contractor shall indemnify and save harmless the Owner, its agents, servants and employees, from claims for damages for personal injury including death to any employee or other person, or injury to property, which may arise, or is alleged to arise, in any manner from the carrying out of this Contract, whether by the Contractor or by any sub-contractor, or anyone directly or

indirectly employed by either of them. Such indemnification shall apply irrespective of any negligence or alleged negligence on the part of the Owner, its agents, servants and employees.''

A contract will not be construed to indemnify a party against his own negligence unless such intention is expressed in clear and unequivocal terms (*Thompson-Starrett Co.* v. *Otis Elevator Co.,* 271 N. Y. 36; *Jordan* v. *City of New York,* 3 A D 2d 507, affd. 5 N Y 2d 723). The language in the indemnity provision under consideration refers to the '' Contractor's Risk and Liability '' and specifically states that the contractor, the third-party defendant, shall indemnify and save harmless the third-party plaintiff from claims which may arise or are alleged to arise in any manner from the carrying out of this contract. The language of the concluding sentence of the indemnity provision is clear and unequivocal that '' such indemnification shall apply irrespective of any negligence or alleged negligence on the part of the owner, its agents, servants and employes.'' In my opinion, the scope of the indemnity is comprehensive. The manifest intent of the contract was to provide absolute indemnity to the third-party plaintiff for injuries sustained by any person in the course of the work, inclusive of any caused by the third-party plaintiff's active negligence. The authorities cited in support of the position of the third-party defendant simply reiterate the general rule that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms, and if there is any question or ambiguity as to the meaning of the terms of the agreement, the ambiguity should be resolved in favor of the third-party defendant (*Gillet* v. *Bank of America,* 160 N. Y. 549, 554; *Rentways, Inc.* v. *O'Neill Milk & Cream Co.,* 308 N. Y. 342, 348). Here there is no ambiguity, and the intent of the third-party defendant to indemnify the third-party plaintiff against its own negligence when the claim arose in any manner from the carrying out of this contract is unequivocally expressed in so many words. The third-party plaintiff is, therefore, entitled to judgment over against the third-party defendant under the broad and clear provisions of the indemnity agreement. (*Jordan* v. *City of New York, supra*; *Centino* v. *Isbrandtsen Co.,* 11 N Y 2d 690.)