Louis Grossman, J.
This is an action which arose ont of an accident which occurred on March 31, 1970, at premises located at 5000 14th Avenue, Brooklyn, New York. Plaintiff, a guest at a wedding, was injured and instituted this action against the caterer and lessor of the building. The defendant, Menorah Caterers, Inc. (Menorah), the owner and lessor, had entered into a lease with the defendant, Parkside Garden Caterers (Park- *200 side), who was running the affair on behalf of their customer. The lease contained an indemnification agreement, the text of which is as follows: The lessee agrees to indemnify and hold harmless the lessor against and from all and every kind of cost and expense by reason of an injury to person or property arising out of or in connection with the use of our facilities, and in case of any suit or action at law or equity, the lessee will retain at the lessee’s sole expense, counsel approved by the lessor to defend the lessor throughout the entire litigation, including all appeals. ’ ’
The jury brought in a verdict solely against the defendant Menorah Caterers, Inc., the owner and lessor, and Menorah now seeks to enforce the indemnification against Parkside via this post-trial motion.
Parkside contends that the agreement is unenforceable since it is too vague, indefinite and general and does not indicate a clear intention to indemnify the lessor for its own negligence. The court does not agree with this position. The agreement is not vitiated or rendered unenforceable because of its broad coverage. “ Contracts will not [however] be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms ” (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41). Broad coverage and general language does not in and of itself render the covenant of the indemnitor unenforceable. This language and language similar thereto are common in commercial agreements and generally enforced by the courts when the same is determined to be applicable to the circumstances involved. Does the language of the agreement express the intention of coverage to the facts herein? The answer must be responded to in the affirmative. Furthermore, there is no showing that the agreement is either a contract of adhesion or an unconscionable agreement. The defendants herein were on an equal basis and contracted with each other at arm’s length. In the recently decided case of Levine v. Shell Oil Co. (28 N Y 2d 205), the Court of Appeals upheld an agreement similar to the one in the case at bar as expressing the intention of the parties with sufficient clarity. The court finds that the indemnification agreement in the present case expressed the intent of the parties that the lessor be indemnified against precisely the type of liability which has arisen in the present action.
Parkside also contends that the claim over against it should be dismissed since it is based upon a written indemnification agreement which is void as against public policy. The statute relied on by Parkside is section 5-322 of the General Obligations *201 Law, which statute was in effect at the time of the agreement between the two defendants. Said statute provides as follows: ‘ Every covenant, agreement or understanding in or in connection with or collateral to any contract entered into with any caterer or catering establishment exempting the said caterer or catering establishment from liability for damages caused by or resulting from the negligence of the caterer or catering establishment, his agents, servants, employees or patrons at the affair contracted therefor, shall be deemed to be void as against public policy and wholly unenforceable.”
With the word “ exempt ” having been construed as being synonymous with the word ‘ ‘ indemnify ’ ’, similar agreements have been held to be void as against public policy and wholly unenforceable (Lustig v. Congregation B ’nai Israel of Midwood, 65 Misc 2d 1052; Goodman v. Imperion Manor, 62 Misc 2d 561). In both of the cited cases, however, the caterer had sought to assert the alleged indemnification agreement against the person who had engaged the caterer’s services• — which is quite different from the facts of this case where we are concerned with an indemnification agreement as between the catering hall and the caterer.
It was held in the case of Goodman v. Imperion Manor (supra), that one of the major considerations of the Legislature was the fact that persons hiring a catering establishment appear without attorney and are primarily interested in only the basic parts of the contract concerning price and the services to be rendered.
This court does not find any prior decision or evidence of legislative intent for the proposition that the statute under consideration has applicability to the agreement between the defendants. In considering the precise statutory language (General Obligations Law, § 5-322), it is to be observed that reference is made to “ any contract entered into with any caterer or catering establishment ” (emphasis added). If the Legislature had intended applicability to commercial agreements between caterers and catering establishments, the drafters of the bill could have stated with or between any caterer or catering establishment. I believe that this section of the General Obligations Law was intended to protect only those persons contracting for the providing of services by a caterer — the consumer who does not deal at arm’s length or on equal terms with the caterer. The defendants herein are to be distinguished from such a consumer, as the defendants must be deemed to have contracted with each other on a more sophisticated > ommercial level, at arm’s length and as equal contracting parties; as such, they should not be entitled to rely on a statute which I believe to be not intended to *202 be applicable to or intended for the protection of the defendants as between themselves. As the statutory language is broad and general and yet somewhat vague and ambiguous as to its intended coverage, I hold that the same is not applicable to the facts in this case.
The indemnification shall-be sustained. The motion is granted and judgment 'shall be entered in favor of defendant, Menorah Caterers, Inc. as against defendant, Parkside Garden Caterers for -the amount of the verdict.