SEYMOUR HOROWITZ, Plaintiff, *v.* B & S CATERERS, INC., Defendant and Third-Party Plaintiff. HARRY LAZAR, Third-Party Defendant.

Supreme Court, Special Term, Nassau County, May 10, 1962.

*Norman Rose* for third-party defendant. *Abraham Greenberg* for plaintiff. *Halper & Passick* for defendant and third-party plaintiff.

PAUL J. WIDLITZ, J. The plaintiff, an invitee at a dinner dance being catered by the defendant, seeks damages suffered by reason of a fall on the dance floor. The caterer not only served the dinner, but was in possession and control of the premises in which the dinner dance was being held. Subsequent to the institution of this action by the service of a summons and complaint upon it, the defendant served upon the third-party defendant a third-party complaint demanding the said third-party defendant to pay any judgment which might be recovered against the defendant by reason of an indemnification provision contained in the catering contract existing between itself as caterer and the third-party defendant as patron. This clause reads as follows: " 24. Patron agrees to indemnify and save harmless Caterer and its servants and agents from any and all claims, liabilities, loss, demands or actions whatsoever for any personal injuries, death or property damages to any persons attending the affair hereby contracted for due to any reason or cause whatsoever, even though arising from negligent acts or omissions of Caterer, and to reimburse Caterer for any expense or loss , including reasonable attorneys' fees and expenses, incurred by reason of any such claim being made against Caterer. Patron assumes the responsibility of so notifying all its employees, guests, visitors and invitees."

The third-party defendant now moves for an order dismissing the third-party complaint and for summary judgment in his favor.

The dominant complaint asserts negligence in that the caterer carelessly and negligently maintained a dance floor in a dangerous and slippery condition by permitting an excessive accumulation of wax, and that the said condition constituted a nuisance wrongfully and unlawfully maintained. The answer thereto admits control of the premises, but denies the negligence.

It is a general rule that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. (*Thompson-Starrett*

*Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.) By the indemnification clause, the patron agreed to indemnify the " caterer " for its negligent acts as a caterer, and such clause cannot be construed in such fashion as to include any activities other than those classed as catering activities. It is to be noted in this respect that paragraph 8 of the catering contract places the responsibility upon the patron for complying with all the requirements of law, ordinances, and regulations with respect to the premises engaged by the patron or the use and occupation thereof. Thus, a clear distinction is made between the person in possession of the premises and the caterer. If one were to contend otherwise, there could arise the facetious situation of a caterer in possession of the premises as landlord or otherwise, working therein as caterer, and requiring the patron to comply with laws and ordinances pertaining to the premises. The indemnification clause in question at best can only apply to the activities of the caterer which has to do with catering, and, when construed strictly, should not be permitted to cloak the defendant with complete immunity should he assume an additional relationship of landlord or person in possession of the premises.

Accordingly, it cannot be maintained that the parties intended indemnification for acts of negligence in the management, care, and control of the buildings or for the maintenance of a nuisance. Such intent is not clearly expressed as is required. (See *Thompson-Starrett Co.* v. *Otis Elevator Co., supra.*)

The motion for summary judgment is granted and the third-party complaint dismissed.