650

■ SEYMOUR HOROWITZ, Respondent, v. B & S CATERERS, INC., Defendant and Third-Party Plaintiff-Appellant. HARRY LAZAR, Third-Party Defendant-Respondent.— In an action to recover damages for personal injury sustained by plaintiff, who was a guest at a Bar Mitzvah party given by the third-party defendant and catered by the defendant and third-party plaintiff upon premises controlled by it, when plaintiff allegedly fell on the highly polished waxed floor upon which there was an accumulation of wax, the said defendant and third-party plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, dated May 23, 1962, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint; and (2) from the judgment entered July 10, 1962 on said order, dismissing the third-party complaint. Order and judgment reversed, without costs, and motion denied. In our opinion, under all the circumstances presented by this record, triable issues of fact exist. We pass on no other questions raised by the parties on this appeal. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur. [35 Misc 2d 283.]

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Park Purposes Situated on the Easterly Side of Holton Avenue for an Addition to Wolfe's Pond Park, in the Borough of Richmond. CHRISTINE K. ANDERSON, Appellant.— In a condemnation proceeding, the claimant appeals from so much of a final decree of the Supreme Court, Richmond County, entered June 8, 1962 upon the court's decision after a nonjury trial, as fixed the amount of the compensation to be paid to her for the taking of her property, Damage Parcel 16. Decree insofar as appealed from, reversed on the law and the facts, with costs to the claimant, and matter remitted to the Special Term for further hearings with respect to this damage parcel and for further proceedings not inconsistent herewith. In our opinion, Special Term should have permitted the claimant to adduce proof that reclamation of a 66-foot strip along the east edge of the pond in suit was feasible. If the claimant should succeed in establishing the feasibility of such reclamation, the award for the taking of her damage parcel would appear to be inadequate with respect to the underwater land and the upland in that area. Even if such reclamation were not feasible, the award would appear to be inadequate in light of the fact that the upland in that area, in its condition on the date of vesting, contained three usable lots measuring approximately 100 feet by 34 feet. We also believe that Special Term should have permitted the claimant to adduce proof that the price paid for the property upon its purchase in 1955 was less than its true value on that date; and that Special Term should not have curtailed the cross-examination of the city's appraiser as to the valuation of the underwater land made by him prior to his conversation with the Corporation Counsel. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.