(July 16, 1979)

■ LUCIANO AROCHO et al., Plaintiffs, v TOWN OF BROOKHAVEN, Respondent, and NEW YORK STATE ENVIRONMENTAL FACILITIES CORPORATION, Appellant.—In a negligence action, the third-party defendant appeals from an order of the Supreme Court, Suffolk County, dated November 2, 1978, which denied its motion to dismiss the third-party complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted and the third-party complaint is dismissed. In the early 1970's, respondent Town of Brookhaven contracted with appellant New York State Environmental Facilities Corporation (EFC) for the construction and operation of a solid waste disposal facility. The facility is adjacent to premises owned by plaintiffs Arocho and Negron. On September 15, 1976, the town and EFC entered into a sale and termination agreement whereby the facility was transferred to the town. The agreement reads in part: "20. *Assumption of the Corporation's Obligations by the Town* Upon the consummation of the sale herein contemplated at the Closing Date, unless the Town and the Corporation otherwise agree, the Town will assume, and hereby agrees to pay, perform and discharge when due all of the contracts and other liabilities, binding and enforceable against the Corporation and to provide legal defense against any and all claims and suits against the Corporation which shall exist or have been incurred on or prior to January 1, 1977 with respect to or in connection with the Facilities arising out of the operation of the Facilities under the Contract or this Agreement, together with any expenses and liabilities thereafter incurred by the Corporation in connection with the carrying out of this Agreement; PROVIDED that nothing in this subsection shall require the Town to pay, perform, or discharge any debt, obligation or liability of the Corporation which is covered by insurance or so as the validity thereof is being contested in good faith by the Town prior to the entry of a final judgment or order determining the validity of the claim." On May 2, 1977 the plaintiffs brought an action against the Town of Brookhaven seeking $500,000 for injuries allegedly caused by the negligent operation of the facility before September 30, 1976. The town subsequently commenced a third-party action against EFC for indemnification. Sometime after service of the third-party complaint representatives of the Home Indemnity Corporation (HIC), EFC's insurance carrier, participated in pretrial conferences in this matter. HIC later advised EFC that it would not defend this suit. Hawkins, Delafield & Wood, special counsel to EFC, declined to represent EFC because of a possible conflict of interest. On October 25, 1978, the Attorney-General was asked and consented to defend the third-party action. EFC then moved to dismiss the third-party complaint. Special Term denied the motion and EFC appeals. We reverse and dismiss the third-party action. Indemnification of a party for its own negligence is permissible where it appears to have been the unmistakable intent of the parties (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-159; *Levine v Shell Oil Co.*, 28 NY2d 205, 212). In the case at bar, the sale and termination agreement provides that "the Town will assume, and hereby agrees *to pay, perform and discharge* when due all of the contracts and other liabilities, binding and enforceable against the Corporation and to

provide legal defense against any and all claims and suits against the Corporation * * * PROVIDED that nothing in this subsection shall require the Town *to pay, perform, or discharge* any debt, obligation or liability of the Corporation which is covered by insurance" (emphasis supplied). This sweeping language compels the Town of Brookhaven to defend the instant negligence action. The proviso does not limit this duty. It only states that the town is not required to "pay, perform, or discharge" any obligations which are covered by insurance. This language of the proviso mirrors the earlier language in the subsection which obligates the town to assume all of EFC's liabilities. Accordingly, the proviso qualifies that earlier part of the subsection. It does not qualify the part of the subsection which places the duty to defend all lawsuits on the town. Moreover, while the proviso spares the town any obligations covered by insurance, it does not impose any obligations on EFC. Thus the agreement itself provides a complete defense to the cause of action for indemnification against EFC, and the third-party action must be dismissed (see *Suburban Broadcasting Corp. v RCA Corp.,* 51 AD2d 785). Titone, J. P., Suozzi, O'Connor and Shapiro, JJ., concur.