SAMUEL EMERY, SR., et al., Plaintiffs, v DEPOT CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Appellant, and S & M PLUMBING COMPANY et al., Defendants and Third-Party Plaintiffs; ROY BARNABY et al., Third-Party Defendants-Respondents.

Third Department, June 12, 1980

**APPEARANCES OF COUNSEL**

*Smyk & Smyk (Stephen D. Smyk* of counsel), for defendant and third-party plaintiff-appellant.

*Fix, Spindelman, Turk, Himelein & Schwartz (Norman M. Spindelman* and *John R. Schwartz* of counsel), for third-party defendants-respondents.

**OPINION OF THE COURT**

SWEENEY, J.

Plaintiff was injured when he fell through a stairwell opening at a construction site. He brought an action against appellant, Depot Construction Company (Depot), the general contractor, and others. Third-party actions were brought against Roy Barnaby, Inc., respondent, a subcontractor, which was the employer of plaintiff. The jury returned a verdict in favor of plaintiff against Depot only, and also a verdict of no cause of action in favor of the third-party defendants. This appeal ensued.

The sole question presented on this appeal is whether Depot is entitled to contractual indemnification from Barnaby where the accident was caused solely by Depot's negligence.

The pertinent language appears in paragraphs 32 and 33 of the contract between Depot and Barnaby and provides in relevant part as follows:

"32. The Contractor shall not be responsible or liable for injury to any person, whether employed by the Subcontractor or otherwise * * * arising from the acts of the Subcontractor, his agents, servants, or employees, or from the acts of any other person or persons, during the progress of the Work covered by this Agreement. * * * The liability of the Subcontractor under this Paragraph shall be absolute, and shall be independent of any question of negligence on his part or on the part of his agents, servants, or employees, and the failure of the Contractor, the Architect, and/or the Owner to direct the Subcontractor to take any particular precautions or to refrain from doing any particular act or thing shall not excuse the Subcontractor from liability in the event of damage or injury to persons or to property. * * *

"33. The Subcontractor does hereby hold the Contractor harmless by reason of any loss or damage which the Contractor may incur to the Owner and/or to any third person in connection with or on account of the performance by the Subcontractor of the Work covered by this Agreement, or by reason of the failure of the Subcontractor to carry out any of the terms of either the General Contract or this Agreement."

Implicit in the jury's verdict is a finding of negligence on the part of Depot and freedom from negligence on the part of Barnaby. Appellant urges this court to read the contract as requiring, as a matter of law, indemnification by Barnaby for

its (Depot) own acts of negligence in causing the accident. At the outset we note that Depot is not exempting itself from liability to the injured party, but protecting itself by allocating to Barnaby the risk of liability to third parties by an arm's length agreement with presumably knowledgeable business people. Our courts have frequently considered the question of contractual indemnity. It is now well established that while the language of the contract does not have to specifically mention active negligence, it must unmistakably appear from a reading of the entire agreement that indemnification was intended (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153; *Levine v Shell Oil Co.*, 28 NY2d 205, 212). Paragraph 32 of the contract provides that the contractor shall not be liable for the acts of the subcontractor or any other person during the progress of the work and that the liability of Barnaby shall be absolute and independent of any question of negligence on his part. Paragraph 33 further provides that the subcontractor holds the contractor harmless from any loss which the contractor may incur to third persons in connection with the performance of the work by the subcontractor. The contract, in our view, is unambiguous and clearly connotes an intent by the parties to entitle Depot to indemnification. Consequently, there must be a reversal of the judgment in favor of Barnaby dismissing the third-party complaint of Depot. In view of the fact that the contract also requires Barnaby to pay the costs and expenses of litigation, including attorneys' fees in the event a suit such as the present one is commenced, the matter must be remitted for a determination of the amount of such expenses to be awarded to Depot.

The judgment should be reversed, on the law, with costs, and judgment should be granted in favor of Depot Construction Company on its third-party complaint for the amount of the judgment entered against it by plaintiffs, and the matter remitted to the Supreme Court for a determination of the amount of costs, expenses and attorneys' fees to be paid to Depot Construction Company.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, with costs, and judgment granted in favor of Depot Construction Company on its third-party complaint for the amount of the judgment entered against it by plaintiffs, and matter remitted to Supreme Court

for a determination of the amount of costs, expenses and attorneys' fees to be paid to Depot Construction Company.