Jasen, J.
(dissenting in part). I agree with the majority that the third-party defendants’ motion to dismiss defendant Walker’s third-party negligence complaint was properly denied. The provisions of the decedent’s agreement do not evince an unmistakable intent to allow indemnification for the third-party defendants’ own negligence which can be “clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances.” (Margolin v New York Life Ins. Co., 32 NY2d 149,153; see Levine v Shell Oil Co., 28 NY2d 205.) I cannot join, however, in the majority’s disposition of defendant Walker’s appeal. In my view, based on the clear and unambiguous language of the agreements involved herein, the plaintiff surety properly was awarded summary judgment against defendant Walker and the decedent’s estate for the full amount demanded in the complaint.
In order to induce the plaintiff surety to assume liability for the replacement shares under its blanket bond, both defendant Walker and the decedent executed indemnification agreements for the benefit of the surety. The decedent’s agreement provided that she would “indemnify and protect [the plaintiff surety] * * * from any and all liabilities, loss, damage or expense in connection with, or arising out of” the surety’s assumption of liability for the replacement shares under its blanket bond with the third-party defendants. Similarly, defendant Walker executed a personal agreement which provided that he would “indemnify and *37 save harmless [the plaintiff surety] from and against any and all loss, damage, expense and attorneys’ fees which it shall at any time incur by reason of * * * assuming liability for the issuance of [the replacement shares] under the said Blanket Lost Original Instrument Bond, or its payment of any claim or liability thereunder.” In short, the Walkers clearly agreed to indemnify the plaintiff surety for any loss it might sustain as a result of assuming liability under its blanket bond for the replacement shares.
The blanket bond specifically obligated the plaintiff surety to: “defend, indemnify and save harmless [the third-party defendants] from and against any all liabilities, losses, damages, costs, charges, counsel fees and other expenses of every nature and character by reason of the Original Instrument and/or the issuance of a duplicate or duplicates in lieu thereof * * * whether or not caused by, based upon, or arising out of inadvertence, accident, oversight or neglect on the part of [the third-party defendants] or any of them, or their respective officers, agents, clerks, or employees”. The blanket bond further provided that the plaintiff surety’s obligation to the third-party defendants would accrue “on demand” and that this liability was “absolute and unconditional.”
Notwithstanding the clear and all-embrasive language of these agreements, the majority concludes that the plaintiff surety is not entitled to recover from the Walkers the full amount it has paid to the third-party defendants as a result of the loss occasioned by the issuance of the replacement shares. In the face of a provision which imposes liability on the plaintiff surety for “any and all” losses, the majority concludes that the surety only was obligated to reimburse the third-party defendants for losses they might “reasonably sustain” due to the issuance of the duplicate stock. Moreover, according to the majority, the plaintiff surety was not “obliged to remunerate the third-party defendants for losses occasioned strictly by their own failure to take remedial measures within a reasonable period of time.” Yet, the blanket bond expressly required the surety to indemnify the third-party defendants even for losses occasioned by their own “inadvertence, accident, oversight or neglect” in issuing the duplicate certificates. I simply cannot join in *38 such creative judicial interpretation which engrafts language onto the clear provisions of the agreements and imposes conditions where the contracting parties have seen fit not to do so.
The indemnification agreements executed by the Walkers require that they reimburse the plaintiff surety for any and all loss which it might suffer in connection with assuming liability for the replacement shares under its bond of indemnity issued.in favor of the third-party defendants. This assumption of liability by the plaintiff surety under its blanket bond, which was specifically requested by the Walkers, obligated the surety to reimburse the third-party defendants “on demand”. Furthermore, this obligation on the surety’s part was without qualification and, contrary to the majority’s view, without regard to any “lack of diligence” by the third-party defendants.
By virtue of its undertaking, the plaintiff surety was required and did make payment to the third-party defendants for the loss arising out of the issuance of the duplicate stock certificates. In paying this claim, the surety performed its contractual obligation in accordance with the express terms of its bond. That being the case, the plaintiff surety is entitled to reimbursement from defendant Walker and the decedent’s estate for the full amount demanded in the complaint.
For these reasons, I would affirm the order of the Appellate Division, insofar as appealed from, in all respects.
Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur with Judge Gabrielli; Judge Jasen dissents in part and votes to affirm in all respects in a separate opinion; Judge Meyer taking no part.
On appeal by third-party defendants: Order, insofar as appealed from, affirmed, with costs. Question certified answered in the affirmative.
On appeal by defendant and third-party plaintiff Walker : Order, insofar as appealed from, modified, with costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.