PER CURIAM.
We reverse the summary judgment entered against Pfaudler Company on its third-party complaint for indemnity based'on its contract with Sylvachem Corporation. The contract was made in New York, and for that reason we hold that New York law, under which the indemnity agreement is valid and enforceable, see e. g., Levine v. Shell Oil Company, 28 N.Y.2d 205, 269 N.E.2d 799 (1971), not the law of Florida, under which it is not, see § 725.06, Fla.Stat. (1975), applies. Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla.3d DCA 1981). Our holding makes it unnecessary to decide whether the parties by providing that their contract “shall be construed in accordance with the laws of the State of New York” expressly selected the law of New York to govern their agreement. Compare Boat Town U.S.A., Inc. v. Mercury Marine Division of Brunswick Corporation, 364 So.2d 15 (Fla.4th DCA 1978), with C. A. May Marine Supply Company v. Brunswick Corporation, 557 F.2d 1163 (5th Cir. 1977).[1]
Reversed and remanded.

. We are of the view, in accord with C. A. May Marine Supply Company v. Brunswick Corporation, supra, and contrary to Boat Town U.S.A., Inc. v. Mercury Marine Division, supra, *504 that since (a) matters bearing on the interpretation of the contract are to be determined by the lex loci contractus, Jemco, Inc. v. United Parcel Service, Inc., supra, and (b) at the least, the parties expressed their intention that the contract be construed under New York law, we would have to look to New York law to decide whether the language used amounted to a choice of the law which was to govern. As in C. A. May Marine, supra, 557 F.2d at 1166 n. 1, neither party has provided us with authority from New York which would aid us in this search.