## (March 8, 1982)

■ IRMA J. CARMAN et al., Plaintiffs, v CALDOR, INC., et al., Respondents, and RICHGOLD ASSOCIATES, INC., Appellant, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendant Richgold Associates, Inc., appeals from an order of the Supreme Court (Wood, J.), dated March 20, 1981 and entered in Rockland County, which, *inter alia,* denied its motion for indemnification and granted the cross motion of the Caldor defendants for indemnification and counsel fees. Order modified, on the law, (1) by deleting from the first decretal paragraph the provision granting the cross motion for indemnification and counsel fees and substituting a provision denying the cross motion, and (2) by deleting the second decretal paragraph. As so modified, order affirmed, without costs or disbursements. On October 4, 1975, plaintiff Irma J. Carman went shopping at the shopping center owned by defendant Richgold. The Caldor defendants (hereafter Caldor) and defendant First National Stores (hereafter Finast) are major tenants therein, having their stores at opposite ends of the shopping center. As noted by Special Term, "[t]he shopping center * * * is what may be called a 'strip' shopping center, that is, the stores * * * are aligned in one long building." The plaintiff was injured when she tripped over tar protruding from an expansion joint in the sidewalk in front of the Finast supermarket. The sidewalk ran the length of the shopping center. Caldor and Finast had each entered into a lease with Richgold. Section 19.01 of Caldor's lease obligated it to indemnify Richgold "from all liabilities, obligations [and] damages * * * which may be imposed upon * * * Landlord by reason of any of the following occurring during the term of this Lease * * * (D) Any accident, injury or damage to any person or property occurring in, on or about the Property or any part thereof or any adjoining street, alley, sidewalk [or] curb". Section 19.02 of the aforesaid lease provided, in pertinent part, that "[t]he provisions of Section 19.01 shall not be construed to require Tenant to indemnify Landlord for Landlord's own act of negligence". Further, section 12.02 of the lease required Caldor to maintain, at its own expense, personal injury and property damage insurance "against claims for bodily injury, death or property damage, occurring on, in or about the Property and on, in or about the adjoining property, streets * * * and sidewalks". Prior to submission of the case to the jury, plaintiffs discontinued the action against Finast with prejudice. Following a trial on the issue of liability, the jury found both Caldor and Richgold negligent and allocated responsibility at 70% for Caldor and 30% for Richgold. On Caldor's cross claim against Finast, the jury found Finast 14% responsible for Caldor's 70% liability. Subsequently, the action was settled for $30,000. Pursuant to a stipulation entered on the record, the $30,000 was apportioned pursuant to the foregoing degrees of liability. Thereafter, Richgold moved, pursuant to section 19.01 of the lease, for indemnification from Caldor for the money it was compelled to contribute. Caldor cross-moved for indemnification against Richgold, arguing that, pursuant to section 8.03 of the lease, Richgold failed to fulfill its duty to keep the sidewalk in good repair. In denying Richgold's motion for indemnification, Special Term properly held, *inter alia,* that section 19.02 of the lease specifically exempted Caldor from having to indemnify

Richgold for the latter's acts of negligence. However, Special Term erred in holding that Richgold was obligated to indemnify Caldor for the latter's share of the verdict. In so holding, Special Term found that, pursuant to the lease, Richgold had agreed, for the first two years of the lease term, to keep the sidewalk in repair and that for the breach of this responsibility Caldor was entitled to common-law indemnity. While we agree with Special Term's finding that the raised sidewalk joint was an item subject to repair by Richgold and not a mere matter of maintenance for which Caldor would have responsibility, it was nevertheless error for it to direct Richgold to indemnify Caldor for the latter's share of the verdict. In *Levine v Shell Oil Co.* (28 NY2d 205, 211) the Court of Appeals wrote: "Since one who is actively negligent has no right to indemnification unless he can point to a contractual provision granting him that right, a rule has evolved under which courts have carefully scrutinized these agreements for an expression of an intent to indemnify and for some indication of the scope of that indemnification. Thus we have said that 'contracts will not be construed to indemnify a person against his own [active] negligence unless such intention is expressed in unequivocal terms' (*Thompson-Starrett Co. v. Otis Elevator Co.,* 271 N. Y. 36, 41)." Here, there was no specific provision in the lease whereby Richgold agreed to indemnify Caldor for its own acts of negligence. Absent a clear expression in the lease of a right to indemnification, Caldor may not be indemnified for its own active negligence. By holding otherwise, Special Term usurped the fact-finding role of the jury. The case of *Burke v City of New York* (2 NY2d 90), cited by Caldor, does not dictate a contrary result, because there the city was held entitled to common-law indemnification because it had been held liable only by virtue of its statutory duty to keep the streets in good repair. However, the primary tortfeasor was a transit company which had agreed by contract to keep the street in good repair. Also, *Burke* was decided prior to *Dole v Dow Chem. Co.* (30 NY2d 143), in which the concept of active-passive negligence was replaced by the requirement that there be apportionment of liability. Thus, as noted above, the jury having found that Caldor was 70% responsible for the accident, it is not entitled to indemnification absent a specific provision in the lease permitting the same. We have considered the other arguments raised by the parties and have found them to be without merit. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.