PER CURIAM.
The final summary judgment under review which was entered on a theory of contractual indemnity is reversed based on the following, briefly stated, legal analysis.
First, New York law governs in determining whether the contract of indemnity herein provides a legal basis for the indemnity judgment entered below. The contract of indemnity was made in New York, and under controlling Florida law the legal obligations of an indemnity contract are governed by the law of the place where the contract was made. Pfaudler Co. v. Sylvachem Corp., 400 So.2d 503 (Fla. 3d DCA 1981); Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981).
Second, New York law is well-settled that “contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms.” Thompson-Starrett Co. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35, 37 (1936). The subject contract of indemnity, upon which the final judgment rests, does not express in unequivocal terms that the third-party defendant subcontractor [Fred Teitelbaum Construction Company of Florida, Inc.] agrees to indemnify the third-party plaintiff owner [Sante Fe Development Corporation] for tort claims based on the latter’s own negligence. It therefore follows that, under governing New York law, the contract of indemnity herein can provide no legal basis for the indemnity judgment entered below.
The final summary judgment under review is therefore reversed and the cause is remanded to the trial court for further proceedings.