■ REGLA D. OLIVA, Respondent, v CITY OF NEW YORK, Appellant-Respondent, and M. VIAGGIO & SONS, INC., Respondent-Appellant. CITY OF NEW YORK, Third-Party Plaintiff-Appellant-Respondent, v M. VIAGGIO & SONS, INC., Third-Party Defendant-Respondent-Appellant.—Motion for reargument granted and upon reargument, the record on appeal is amended, nunc pro tunc, to include certain information as enumerated in the order of this court, and the motion is further granted insofar as to recall and resettle the order of this court [114 AD2d 778], entered on November 14, 1985, and to recall the memorandum decision filed on said date and to substitute therefor a new memorandum decision as follows:

Judgment, Supreme Court, Bronx County (Irma V. Santaella, J.), entered September 4, 1984, awarding plaintiff $228,730.80, upon a jury verdict in favor of plaintiff in the sum of $325,714, apportioned 60% against the City of New York and 10% against M. Viaggio & Sons and attributing

30% to the culpable conduct of the plaintiff, and dismissing the City's third-party complaint for indemnity, unanimously affirmed, without costs or disbursements.

Contrary to the claim by the City as appellant, it had no right of full indemnification as against its contractor, M. Viaggio & Sons. Article 7 of the contract, entitled "Protection of Work and of Persons and Property" provides, in the penultimate paragraph, that the contractor will indemnify the City and hold it harmless from any claims and judgments for damages resulting from the negligence or carelessness of the contractor to which the City may be subjected "by reason thereof." The agreement expressly limits indemnity to situations where the City is held liable by reason of the contractor's carelessness. As applied here, and as found by the jury, the City's liability did not attach as a result of the negligence of the contractor but arose from its own direct negligence. Inasmuch as the contractor's negligence was apportioned at 10%, its obligation to indemnify the City is limited to that amount.

*Rodriguez v Baker* (91 AD2d 143), relied upon by the City, is distinguishable. In that case, the accident and the injury to the plaintiff occurred during the period when construction was being performed and resulted directly and solely from the contractor's failure to erect barricades or enclosures after removing a fence, in direct contravention of its obligation to do so. Justice Fein, writing for a unanimous court, took into account the fact that no barricade had been installed, although the contract expressly required the contractor to do so.

This is in sharp contrast to the situation in our case, where the jury found that the City's liability flowed from its own negligence. The construction was performed by the contractor in accordance with the City's plans and specifications, which were found to constitute negligence in that they inadequately provided proper elevation and drainage.

Further, the indemnity clause in article 7 does not expressly provide for the contractor to indemnify the City for the City's own negligence. *(See, Levine v Shell Oil Co.,* 28 NY2d 205; *Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Vey v Port Auth.,* 54 NY2d 221.)

We have examined the other points raised on the appeal and cross appeal and find them lacking in merit.

Resettled order signed and filed. Concur—Sullivan, J. P., Ross, Carro, Kassal and Ellerin, JJ.