BEVERAGE DISTRIBUTORS,
INC., Plaintiff,

v.

CLEARLY CANADIAN BEVERAGE
CORP. (formerly The Jolt Beverage
Company, Ltd.), The Jolt Company, Inc.
and A.J. Canfield Beverage Company,
Defendants.

No. CIV–90–482–D.

United States District Court,
W.D. Oklahoma.

Feb. 13, 1995.

K. Nicholas Wilson and Kevin R. Donelson, Oklahoma City, OK, for plaintiff.

Joseph H. Bocock and Joseph Walters, Oklahoma City, OK; Russel W. Wray, Baton Rouge, LA, for defendant and cross-defendant Clearly Canadian Beverage Corp.

Karen Howick and J. David Jacobson, Oklahoma City, OK, for defendant and cross-claimant The Jolt Co. Inc.

Laura H. McConnell, J. William Conger, Joseph H. Bocock, Joseph Walters, Oklahoma City, OK; Michael P. Mazza and Timothy J. Haller, Chicago, IL, for defendant A.J. Canfield Co.

## ORDER

DAUGHERTY, Senior District Judge.

Before this Court is the Motion For Summary Judgment Or Alternative Motion For Declaratory Judgment of Defendant The Jolt Company, Inc. ("Jolt") against Defendant Clearly Canadian Beverage Corporation ("Clearly Canadian") and the Motion Of Clearly Canadian Beverage Corporation For Summary Judgment Or In The Alternative Declaratory Judgment against Defendant Jolt. Both Motions are based on the Cross-Claims of the Defendants Clearly Canadian and Jolt against each other, both of which were filed herein on March 3, 1994, in which both parties are primarily seeking indemnification and to be held harmless against the other for damages incurred as a result of this lawsuit brought against them by Plaintiff Beverage Distributors, Inc. ("BDI").

This case has had a lengthy and complex history, much of which is not directly relevant to the limited issues now before this Court. This in part is because the Defendants and Cross-Claimants Jolt and Clearly Canadian failed and neglected to advise their attorneys handling this case of a pertinent and controlling agreement they made in Canada in 1989.

The facts pertinent to the issues presented in the Cross-Motions of the Defendants and Cross-Claimants Jolt and Clearly Canadian for summary judgment against each other are as follows: Jolt and Clearly Canadian entered into an Exclusive Territorial Licensing Agreement (the "Oklahoma Agreement") on October 15, 1986, in which Clearly Canadian was granted the exclusive right by Jolt to sell Jolt Cola in Oklahoma. Clearly Canadian and Plaintiff BDI then executed a sublicensing agreement under the Oklahoma Agreement on November 13, 1986, with the approval of Jolt, which sublicense agreement also provided that the sublicensee BDI would have the exclusive right to sell Jolt Cola in Oklahoma.

In early 1987, it was discovered that Jolt Cola made by A.J. Canfield Beverage Company ("Canfield"), also named as a Defendant herein by BDI, which had an exclusive Jolt Cola license from Jolt for territory other than Oklahoma, was being shipped into Oklahoma for resale. BDI claimed this was in violation of the exclusive license provisions of both the original Oklahoma Agreement between Jolt and Clearly Canadian and the sublicense thereunder between Clearly Canadian and Plaintiff BDI. Because of the alleged violation of its exclusive license for Oklahoma, BDI filed suit in the United States District Court for the Northern District of Texas in September 1989 claiming breach of its exclusive Jolt Cola license for Oklahoma, naming Jolt and Clearly Canadian as defendants and alleging that each violated its promise to BDI for exclusive Jolt Cola rights in Oklahoma. The BDI lawsuit in Texas was transferred to this Court in March of 1990. Plaintiff BDI's First Amended Complaint filed in Texas includes separate counts against Clearly Canadian and Jolt specifically asserting that each party breached its express and implied obligation to maintain BDI's exclusive right to distribute and sell Jolt Cola within the State of Oklahoma.

On November 9, 1992, Clearly Canadian filed its first Cross-Claim against Jolt seeking indemnification and to be held harmless from Jolt pursuant to the mutual indemnity and hold harmless provision in the Oklahoma Agreement. On November 30, 1992, Jolt filed its first Cross-Claim against Clearly Canadian in which Jolt also sought indemnifi-

cation and to be held harmless under the same provision in the Oklahoma Agreement. At this time the attorneys for Jolt and Clearly Canadian did not know of the Canada agreement their clients had made in 1989.

Subsequent to the filing of the early Cross–Claims, which by stipulation of the Cross–Claimant parties have been withdrawn by the Cross–Claimants, the attorneys for the parties discovered the said Canada agreement with an addendum thereto ("Canadian Agreement") which had been executed by Jolt and Clearly Canadian in Canada in 1989. Upon this discovery, both Cross–Claimants agreed that the Canadian Agreement was controlling in this litigation and agreed that the Oklahoma exclusive license agreement they had previously relied on in their Cross–Claims in this case had been superseded and had been declared null and void or no longer valid by the Canadian Agreement between Jolt and Clearly Canadian. The Canadian Agreement is an Exclusive Territorial License Agreement for Jolt Cola between Jolt and Clearly Canadian for Canada and was executed under date of January 1, 1989. This agreement includes a later Hold Harmless Addendum executed by Jolt and Clearly Canadian in May 1989 and the Canadian Agreement was followed by a settlement agreement regarding the same executed on December 20, 1989 by Jolt and Clearly Canadian, and mutual releases thereafter executed by them pursuant to the settlement agreement.[1] The parties are in accord that the Canadian Agreement and its Hold Harmless Addendum supersedes and

1. The Canadian Agreement provides in pertinent part that "this Exclusive Territorial License Agreement contains the complete and only agreement between the parties and supersedes any and all previous agreements between the parties in respect to the settling [sic] of Jolt's beverages or other products. It is mutually acknowledged and agreed that any prior agreement shall be considered null and void or no longer valid." The Canadian Agreement also provides for mutual indemnity and to be held harmless of licensor and licensee from damages "which may arise or result from the unlawful conduct" of either party.

The relevant provisions of the Cross–Claimants' Canadian Agreement and its Hold Harmless Addendum are:

*Canadian Agreement Executed January 1, 1989*
*Article II*
7. INDEMNIFICATION
Licensee shall hold the Licensor harmless from and indemnify and defend the Licensor, subsidiaries, affiliates, employees, agents and assigns against any suits, actions, claims, losses, demands, damages, liabilities, cost and expenses of every kind (including product liabilities), including costs and attorney's fees for defending same, which may arise or result from the unlawful conduct of the Licensee. The Licensor shall hold Licensee harmless from and indemnify and defend Licensee and Licensee's parent, subsidiaries, affiliates, employees, agents and assigns against any suits, actions, claims, losses, demands, damages, liabilities, cost and expense of every kind (including product liabilities), including costs and attorneys' fees for defending same, which may arise or result from Licensor's unlawful conduct.

*Hold Harmless Addendum to the above Canadian Agreement*
3. In consideration of the mutual covenants herein contained, in [Clearly Canadian] agrees to indemnify and hold Jolt harmless from any actions, claims, suits, losses, discrepancies, financial restitutions or indebtednesses resulting from past relations, dealings or conduct of [Clearly Canadian] with third parties. In a like manner Jolt agrees to indemnify and hold [Clearly Canadian] harmless from any actions, claims, suits, losses, discrepancies, financial restitutions or indebtednesses resulting from past relations, dealings or conduct of Jolt with third parties.
4. In consideration thereof each party agrees with the other that it will take no action in any court, make no claim, demand, setoff or any action either known or unknown at the time of this agreement for any reason whether resulting from past relations, dealings or conduct of either party or its officers or any of its subsidiaries.
5. Except as herein expressly set forth, the parties hereto each agree that in the event any third party (meaning any party not a party to this agreement) takes action or makes demand or commences proceedings against one of the parties or one of its predecessors arising from any transactions before the 1st day of January, 1989, that party agrees that it will not file any third-party proceedings against the other party to this agreement.

The settlement agreement between Jolt and Clearly Canadian was intended to terminate certain litigation between the parties in Canada regarding the Canadian Agreement. The releases executed in connection with that settlement agreement provide that the parties will "release and forever discharge" each other from all causes of action from January 1, 1989 to December 22, 1989, but such releases except any claims "arising out of or in any way connected with ongoing litigation between Jolt and [Clearly Canadian] in the State of Texas ... ."

renders the 1986 Oklahoma Agreement null and void or no longer valid, and they so stipulated at the February 1, 1995 hearing on their Motions for Summary Judgment.

In February 1994, after discovery that their reliance on the mutual indemnity provision in the Oklahoma Agreement was in error and such mutual indemnity and hold harmless provision was not available to them as they had declared it to be null and void or no longer valid, Jolt and Clearly Canadian filed a Joint Motion herein for leave to amend their pleadings and withdraw previously filed summary judgment motions on their earlier Cross–Claims which were based solely on the Oklahoma Agreement.[2] Such leave was granted and their Amended Cross–Claims, based on the Canadian Agreement and its Hold Harmless Addendum, were filed on March 3, 1994 by each of the parties. A hearing was conducted on the Motions for Summary Judgment on these Cross–Claims on February 1, 1995.

■ Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the relevant documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court has stated that entry of summary judgment is mandated "against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). That Court further held that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This Court will evaluate the Cross–

Motions for Summary Judgment of Jolt and Clearly Canadian in accordance with the above-quoted standards. Because the issues presented by the two Cross–Claims and Cross–Motions involve contract construction and interpretation of the 1989 Canadian Agreement and because the parties have agreed and the Court finds that the pertinent provisions of the Canadian Agreement which includes the Hold Harmless Addendum are clear and unambiguous, such issues are appropriately decided as questions of law by this Court. Applying New York law,[3] *Broad v. Rockwell Intern. Corp.*, 642 F.2d 929 (5th Cir.1981), states:

> The interpretation of an unambiguous contract provision is a function for the court rather than for a jury, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument. *Teitelbaum Holdings, Ltd. v. Gold*, 48 N.Y.2d 51, 56, 396 N.E.2d 1029, 1032, 421 N.Y.S.2d 556, 559 (1979); *West, Weir & Bartel, Inc. v. Mary Carter Paint Co.*, 25 N.Y.2d 535, 540, 255 N.E.2d 709, 711–12, 307 N.Y.S.2d 449, 452 (1969); *Mendel–Mesick–Cohen–Architects v. Peerless Insurance Co.*, 74 A.D.2d 712, 713, 426 N.Y.S.2d 124, 126 (3d Dep't 1980).

In *Rothenberg v. Lincoln Farm Camp, Inc.*, 755 F.2d 1017 (2nd Cir.1985), it is held that if contractual language is otherwise unambiguous, it does not become so just because the contracting parties urge different interpretations in litigation. *Also see, Hunt, Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274 (2nd Cir.1989).

Before considering the pending Cross–Motions for Summary Judgment and the Cross–Claims of Jolt and Clearly Canadian, it should be stated that BDI instituted this action against Jolt and Clearly Canadian as defendants. Though BDI also sued Canfield

---

**2.** While the parties did not specifically so state in their Joint Motion for Leave to Amend, the parties stipulated at the hearing on February 1, 1995, that the intention of the parties was to withdraw not only their prior motions for summary judgment but also their previous cross-claims on which those motions were based. As a result, the only cross-claims now before this Court are the cross-claims based on provisions in the 1989 Canadian Agreement and the docu-

ments related thereto, which cross-claims were both filed on March 3, 1994, after their Joint Motion to Withdraw was granted by the Court.

**3.** The Canadian Agreement between Jolt and Clearly Canadian entered into in 1989 in Canada provides that such contract is to be interpreted and governed by the law of New York.

in this action, it did not allege in its count against Canfield that it was a party to any of the relevant agreements between the Plaintiff and Defendants Jolt and Clearly Canadian. Before the attorneys herein discovered the Canadian Agreement of 1989, and learned the same had superseded and declared the Oklahoma Agreement to be null and void and of no force, BDI had settled its claims urged herein with Defendant Clearly Canadian and then settled with remaining Defendants Jolt and Canfield. Hence, BDI and Canfield are out of this case and all that is left in the case are the Cross–Claims of the two Defendants, Jolt and Clearly Canadian, against each other and their motions that the Court enter summary judgment thereon.

Jolt's pending Cross–Claim against Clearly Canadian, though only naming two counts, really presents four separate causes of action and this Cross–Claim will be treated by the Court in this posture. In the first cause of action Jolt seeks indemnity and to be held harmless against Clearly Canadian on a mutual indemnity and hold harmless provision found in Article II, paragraph 7, of the Canadian Agreement executed on January 1, 1989. Briefly, this mutual indemnity and hold harmless provision which Jolt relies on in this cause of action only relates to any unlawful conduct of either party. Jolt's second cause of action also seeks indemnity and to be held harmless against Clearly Canadian but is based on paragraph 3 of the Hold Harmless Addendum to the Canadian Agreement. The third cause of action of Jolt against Clearly Canadian alleges a breach by Clearly Canadian of paragraph 4 of the Hold Harmless Addendum to the Canadian Agreement which generally provides that each Cross–Claimant herein will take no action in any court against the other. Jolt's fourth cause of action against Clearly Canadian is based on an alleged breach of contract by Clearly Canadian of paragraph 5 of the Hold Harmless Addendum to the Canadian Agreement, which generally prohibits each party from filing any third-party proceedings against the other party should a third party

file a suit against one of the contracting parties.

Clearly Canadian's Cross–Motion against Jolt is in two counts or two causes of action as follows: In Count One, Clearly Canadian seeks indemnity and to be held harmless against Jolt based on paragraph 3 of the Hold Harmless Addendum to the Canadian Agreement and is like Jolt's second cause of action aforementioned. In Clearly Canadian's second count or cause of action, it claims that Jolt breached paragraph 4 of the Hold Harmless Addendum to the Canadian Agreement by taking action in this Court against Clearly Canadian and is like Jolt's third cause of action aforementioned.

The Court will first treat with Jolt's first and fourth causes of action above described, as to which Clearly Canadian requests that it be granted summary judgment in its favor dismissing each, asserting there is no genuine issue as to any material fact and Clearly Canadian is entitled to a judgment of dismissal of each as a matter of law.

As to Jolt's first cause of action, the parties stipulated at the hearing on February 1, 1995, that said provision (Article II, paragraph 7) in the Canadian Agreement dated January 1, 1989, which is relied on by Jolt in this cause of action, only applied to any unlawful conduct of the parties in connection with the Canadian territory exclusive license and does not apply to conduct in connection with the exclusive Oklahoma license. Moreover, no evidence of any unlawful conduct [4] of Clearly Canadian which would make it liable under the above provision for indemnity to Jolt has been presented by Jolt and Jolt has the burden to do this. *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552. Clearly Canadian is entitled to summary judgment against Jolt on Jolt's first cause of action against it in view of the stipulation of the parties above mentioned and also because there is nothing before the Court of any unlawful conduct by Clearly Canadian regarding the Oklahoma Agreement. Because there is no genuine issue as to any material fact and Clearly Canadian is entitled to a

---

4. "Unlawful conduct" is defined by Black's Law Dictionary, 5th Edition, as: an "[a]ct contrary to law, and presupposes that there must be an exist-ing law. A violation of some prohibitory law, and includes all willful, actionable violations of civil rights, and is not confined to criminal acts."

judgment of dismissal on Jolt's first cause of action as a matter of law, such requested dismissal should be granted by the Court.

■ Jolt's fourth cause of action in its Cross–Claim against Clearly Canadian claims that Clearly Canadian breached paragraph 5 of the Hold Harmless Addendum to the Canadian Agreement by filing a Cross–Claim herein against Jolt. As set out above, this paragraph prohibits each party from filing any third-party proceedings against the other if a third party, defined as not a party to this agreement, takes action against one of the parties to the agreement, which action arises from any transactions before January 1, 1989. Jolt claims that a Cross–Claim is a third-party proceeding prohibited by this paragraph. Clearly Canadian contends that its Cross–Claim against Jolt in this case is not a third-party proceeding. Clearly Canadian is clearly correct. Clearly Canadian's Cross–Claim herein against Jolt is between two defendants sued herein by BDI. Clearly Canadian has not brought Jolt into this litigation as a third-party defendant. BDI brought Jolt into this litigation by its Complaint. Clearly Canadian, as one of Plaintiff BDI's named defendants in this case has only cross-claimed against Jolt, another named defendant in this case by Plaintiff BDI. This Cross–Claim is not a third-party proceeding. New York Civil Practice Law and Rules, §§ 3017, 3019; Rule 14, Federal Rules of Civil Procedure. Moreover, BDI did not take action herein against one of the parties to the Canadian Agreement but took action against both parties to the same. Clearly Canadian should be entitled to summary judgment dismissing Jolt's fourth cause of action against it as a matter of law with no disputed material facts being involved and such requested dismissal should be granted by the Court.

■ Jolt's third cause of action in its Cross–Claim against Clearly Canadian is like Clearly Canadian's second cause of action in its Cross–Claim against Jolt. In view of the above, these causes of action of each will be considered together. The basis of each of the causes of action is an alleged breach by the other party of paragraph 4 of the Hold Harmless Addendum to the Canadian Agreement. As set out in full above, this paragraph generally provides that each party agrees to take no action in any court against the other party for any reason resulting from its past relations, dealings or conduct. Both Jolt and Clearly Canadian take the position that the other breached this paragraph by filing its Cross–Claim herein. An interpretation by the Court of the intent and meaning of this paragraph by the parties thereto requires consideration of paragraph 3 immediately above it in the Hold Harmless Addendum to the Canadian Agreement. Paragraph 3 is a mutual indemnity and hold harmless agreement between the parties in which under certain circumstances each agrees to indemnify and hold harmless the other. Hence, paragraph 3 gives each contracting party a potential right to indemnity and to be held harmless from the other under specified circumstances. Giving such a right to one of the parties must impliedly include the right of that party to enforce the same in court when it appears to have vested if court action becomes necessary.[5] This paragraph applies to both Jolt and Clearly Canadian. Either potentially could have a right to indemnity from and to be held harmless by the other by virtue of paragraph 3 and if necessary must also have the right to take action in court to enforce the same. Without this right of enforcement, the right to indemnity and to be held harmless would be utterly meaningless. The very next paragraph in the Hold Harmless Addendum to the Canadian Agreement and which is the paragraph each party alleges the other breached provides that each party will take no action in any court against the other for any reason, whether resulting from its past relations, dealings or conduct of either party or its officers or subsidiaries. As stated,

---

5. *Hickman, Williams & Co. v. Ingram Coal Co.,* 601 F.Supp. 5 (1984), states:
It is well settled that '* * * a contract includes, not only the promises set forth in express words, but in addition, all such implied provisions as are indispensible to effectuate the intention of the parties and as arise from the language of the contract and the circumstances under which it was made. * * * ' *Sacramento Nav. Co. v. Salz,* 273 U.S. 326, 329, 47 S.Ct. 368, 369[4], 71 L.Ed. 663 (1927) ...

both Cross–Claimants herein take the position that paragraph 4 was breached by the other party when it took action in this Court and case by filing a Cross–Claim to enforce a right to indemnity and to be held harmless it believes it possesses against the other party. The Court interprets paragraph 4 to mean that the parties did not intend and could not have intended for such paragraph to prohibit any action taken in court by either party to enforce a right to indemnity and to be held harmless it may have from the other provided for in the immediately preceding paragraph 3 of the Hold Harmless Addendum to the Canadian Agreement. Paragraph 3 cannot be interpreted to provide a party with a right to indemnity or to be held harmless from the other party and then interpret paragraph 4 to take away the right to enforce a right to indemnity or to be held harmless or to prohibit any action in any court to enforce it. Meaning must be given to each paragraph in a contract when it is possible. *Levine v. Shell Oil Company,* 28 N.Y.2d 205, 321 N.Y.S.2d 81, 269 N.E.2d 799 (1971); *Hawes Office Systems, Inc. v. Wang Laboratories, Inc.,* 524 F.Supp. 610 (D.C.N.Y.1981); *Schulman Inv. Co. v. Olin Corp.,* 477 F.Supp. 623 (D.C.N.Y.1979).

Hence, the Court concludes by the above interpretation of the Hold Harmless Addendum to the Canadian Agreement that neither party has breached said paragraph 4 by filing herein a Cross–Claim for indemnity and to be held harmless it believes it has against the other party. Summary judgment should therefore be granted herein dismissing these causes of action of each Cross–Claimant against the other because neither has breached the same. The Court will note in connection with this decision that the same does not mean that each party must have a valid indemnity and to be held harmless claim against the other. The Court's ruling is only to the effect that the bringing of an action for indemnity and to be held harmless provided in paragraph 3 against each other does not constitute a breach of paragraph 4, as an indemnity and to be held harmless action was not intended by the parties to be included in the prohibition of paragraph 4 that a party to the contract will take no action in any court against the other.

■ There remains only the applicability or enforceability of the indemnity and to be held harmless claim each Cross–Claimant has made herein against the other under paragraph 3 of the Hold Harmless Addendum to the Canadian Agreement. As set out above, the mutual indemnity and hold harmless agreement in this paragraph requires several things to occur for indemnity and to be held harmless to attach against a party in favor of the other party. The New York case of *Haynes v. Kleinewefers and Lembo Corp.,* 921 F.2d 453 (2nd Cir.1990), holds that when a duty to indemnify is imposed by an agreement, that agreement must be strictly construed so as not to read into it any obligations the parties never intended to assume. Certainly it is essential that an action or claim, etc., must be filed or made against a party to the agreement which is the result of past relations, dealings or conduct of that party with third parties. BDI brought this action against both Jolt and Clearly Canadian as defendants alleging that each failed to discharge its obligation to afford BDI exclusive territorial rights for Jolt Cola in Oklahoma. Hence, there is an action brought by a third party not against one but against both contracting parties to the mutual indemnity and hold harmless provision of the Canadian Agreement. BDI alleges that its action in this Court resulted from past relations, dealings or conduct that it had with Jolt and that it had with Clearly Canadian in which there was a failure of each to satisfy its promised exclusive licensing territory for Jolt Cola to BDI in Oklahoma. The parties at the hearing on February 1, 1995, agreed and the Oklahoma license so provides that Jolt promised exclusive Jolt Cola territory in Oklahoma to Clearly Canadian in the Oklahoma Agreement. The Oklahoma Agreement between Jolt and Clearly Canadian specifically mentioned and recognized BDI as a potential sublicensee under the agreement and allowed Clearly Canadian 90 days within which to effect such sublicense, which Jolt approved when it was accomplished and also received additional money from Clearly Canadian. The parties also agreed at the hearing on their Cross–Motions that the Jolt promise of exclusive Oklahoma territory to

Clearly Canadian in their agreement passed on to BDI through the agreed and Jolt-approved sublicense to BDI. Hence, it seems beyond dispute that this action of BDI against both Jolt and Clearly Canadian resulted from past relations, dealings or conduct it had with each with reference to a promised exclusive license for Jolt Cola in Oklahoma to BDI by both Jolt and Clearly Canadian.

This action filed in this Court by BDI against both of the two defendant Cross–Claimants would seem to fit the indemnity and hold harmless claim of each Cross–Claimant under said paragraph 3. This presents the question of when a third party brings an action not against just one of the contracting parties for mutual indemnity and to be held harmless but against both of the contracting parties, is this a situation where it was the intention of the contracting parties for mutual indemnity and to be held harmless as provided for in said paragraph 3 to apply so that each would have indemnity and to be held harmless from the other?

From the language of the mutual indemnity and hold harmless agreement in paragraph 3 of the Hold Harmless Addendum to the Canadian Agreement, the Court interprets and construes the same as to not apply or be enforceable by either contracting party when one third party sues both of the contracting parties for the same basic failure as herein to provide an exclusive Jolt Cola license to the third party for Oklahoma. It might make sense if one of the contracting parties was sued alone by a third party for that party to be responsible to indemnify and hold harmless the other contracting party. But if one third party sues both together for the same kind of breach, the Court finds and concludes that it was not intended by the contracting parties for indemnity and to be held harmless to be applicable or enforceable by each against the other. This agreement cannot be construed to read into it something not intended. Paragraph 3 is therefore interpreted by the Court to mean and provide that if a third party sues one of the contract-ing parties and the other requirements for indemnity are met, in that circumstance the contracting party sued by such a third party might be responsible for indemnity and to hold harmless the other contracting party.[6] However, the Court interprets paragraph 3 to not be worded or intended by the contracting parties to apply to our situation where a third party sues both of the contracting parties, claiming that each violated its obligation to provide the third party with an exclusive Oklahoma territorial license for Jolt Cola, and that each would have indemnity and be held harmless against the other.

With this interpretation of paragraph 3 by the Court and the factual situations herein, neither Cross–Claimant in this case has an indemnity and hold harmless claim against the other and the indemnity and hold harmless claim of each against the other in its Cross–Claim must fail, should not be enforced by the Court in the circumstances of this case and each Cross–Claimant is entitled to summary judgment against the other, dismissing its Cross–Claim on this cause of action.

With the above findings and decisions as to all causes of action by Cross–Claim before the Court, each Cross–Claim before the Court should be dismissed in its entirety. The Court should grant both Motions for Summary Judgment before it, dismiss both Cross–Claims before the Court, and with this dismiss this action. It is not necessary to address the Alternative Motion of each Cross–Claimant for Declaratory Judgment. Judgment shall enter on a separate document as provided by Rule 56, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

---

6. And paragraph 4 provides for the one sued to take no action in any court against the other party and paragraph 5 provides for the one sued not to bring in the other party by a Third–Party proceeding.