182 F.3d 163 (2nd Cir. 1999)
 COASTAL POWER INTERNATIONAL, LTD., COMMONWEALTH DEVELOPMENT CORPORATION,
Plaintiffs-Appellees-Cross-Appellants,
v.
TRANSCONTINENTAL CAPITAL CORPORATION, Defendant,
WARTSILA DIESEL DEVELOPMENT CORPORATION, Defendant-Appellant-Cross-Appellee.
 Docket Nos. 98-9129(L); 98-9200(XAP)
August Term, 1998
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued May 21, 1999.
Decided July 07, 1999.
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (L. Kaplan, Judge) entered June 24, 1998 granting judgment in favor of the plaintiffs against defendant Wartsila Diesel Development Corporation in the amount of $1,821,465.57, together with interest and the costs of the action and dismissing the complaint with prejudice and without costs as to defendant Transcontinental Capital Corporation.
 Affirmed.
 THOMAS J. HALL, New York, N.Y.(Thomas E. Butler, Christine P. Searl, Chadbourne & Parke LLP, New York, N.Y., of counsel), for Defendant- Appellant-Cross-Appellee Wartsila Diesel Dev. Corp.
 DANIEL L. CARROLL, New York, N.Y.(Leigh A. Roveda, Hutton Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York, N.Y., of counsel), for Plaintiffs- Appellees-Cross-Appellants Coastal Power International, Ltd. and Commonwealth Dev. Corp.
 Before: CARDAMONE and JACOBS, Circuit Judges, and CARMAN*, Chief Judge, U.S. Court of International Trade.
 CARMAN, Chief Judge:
 
 
 1
 Defendant-Appellant-Cross-Appellee, Wartsila Diesel Development Corporation (Wartsila), appeals from the judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, Judge) granting judgment in favor of the plaintiffs-appellees-cross-appellants, Coastal Power International, Ltd. (Coastal) and Commonwealth Development Corporation, in the amount of $1,821,465.57, together with interest and the costs of the action and dismissing the complaint with prejudice and without costs as to defendant Transcontinental Capital Corporation (TCC).
 
 I. BACKGROUND
 
 2
 Plaintiffs, purchasers of a $70 million floating power plant in the Dominican Republic, claimed that they were forced to spend almost $2 million on modifications to the plant's moorings in order to reinstate windstorm insurance on the plant. Windstorm insurance coverage was canceled on the day following the closing. Plaintiffs contended that the defendants, the former developer and former equity owner of the plant, should bear the cost on fraud and contract theories. Defendants denied liability, contending plaintiffs were well aware, prior to closing, of the insurance issue and the need for modifications.
 
 
 3
 The district court determined TCC did not fail to discharge any contractual duty to Coastal. The district court also found Coastal had knowledge at closing from Wartsila that Wartsila was in breach of certain warranty agreements and therefore Coastal could not recover for that breach. Nevertheless, the court made the following findings: defendant, Wartsila, breached certain covenants of the purchase agreement with plaintiffs; Wartsila's actions were the cause in fact and proximate cause of plaintiffs' injuries; plaintiff, Coastal, did not waive its claim for breach of contract; Coastal did not fail to mitigate its damages; and prejudgment interest was to be included in the damage award. The district court also found the indemnity clause in the purchase agreement did not clearly indicate an intention for the loser to pay the winner's attorneys' fees.
 
 II. DISCUSSION
 
 4
 For substantially the reasons stated by the district court, we hereby affirm the district court's opinion. See Coastal Power Int'l, Ltd. v. Transcontinental Capital Corp., 10 F. Supp. 2d 345 (S.D.N.Y. 1998).
 
 
 5
 Regarding attorneys' fees[1], the Court observes it is particularly important under New York law, which governs this diversity action, that in contracts of this magnitude the language of the agreement be "unmistakably clear" regarding whether the parties to the agreement intend provisions of attorneys' fees to apply to disputes among themselves. See Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 492, 548 N.E.2d 903, 905 (1989). Unless the intention to indemnify is "unmistakably clear" from the language of the agreement, the Court will not read into an agreement a legal duty the parties did not clearly intend. See Levine v. Shell Oil Co., 28 N.Y.2d 205, 211, 269 N.E.2d 799, 801-02 (1971).
 
 
 6
 The purchase agreement at issue here does not clearly state the parties intended the loser in a suit for breach of the agreement to pay the winner's attorneys' fees. The indemnity clause at issue here states in pertinent part:
 
 
 7
 each Party . . . hereby agrees to . . . indemnify . . . each Person to whom a representation, warranty, covenant and agreement is made hereunder . . . in respect of any and all Claims it shall incur or suffer, which arise, result from or relate to any breach of, or failure by an Indemnifying Party to perform, any of its representations, warranties, covenants or agreements contained in this Agreement . . . .
 
 
 8
 This Court affirms the district court's rejection of Coastal's indemnity claim. See Coastal, 10 F. Supp. 2d at 370-71.
 
 III. CONCLUSION
 
 9
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable Gregory W. Carman, Chief judge of the United States Court of International Trade, sitting by designation.
 
 
 [1]
 The issue of attorneys' fees was raised by Coastal on cross-appeal.